| 99 | 16 |
| 103 | 312 |
| 99 | 18 |
| 106 | 536 |

# Richmond.

## Chesapeake & Ohio Railway Co. v. Rison, Trustee.

### December 13, 1900.

1. James River & K. Canal Co.—*Damages—Jurisdiction.*—Notwithstanding section 4 of the Act of February 27, 1879 (Acts 1878-'9, p. 125), gives to the Circuit Court of the city of Richmond exclusive jurisdiction of all suits in respect to the contract authorized by said act for the sale of the property and franchises of the James River & Kanawha Canal Co. to the Richmond and Alleghany Railroad Company, the Circuit Court of Fluvanna county has jurisdiction of this action brought by the owner of a mill in said county against the plaintiff in error, as successor in title of the Richmond & Alleghany Railroad Company, to recover damages for diverting water from his mill, and for failure to maintain a dam in said county, which it is alleged it was the duty of the plaintiff in error to maintain.

2. Pleading—*General Replication—Further Replications.*—After a general replication has been filed, no special replication can be received unless the general replication is withdrawn.

3. Pleading—*Demurrer to Plea—Final Judgment—Looking to Whole Record—Motion to Strike Out or Reject Plea.*—When there is but one plea in a cause, and that is demurred to, final judgment in the cause is rendered on the demurrer, unless leave is given to amend. Unless, therefore, all the pleadings are reviewed on the demurrer, judgment might be given contrary to the right of the cause, but as no final judgment in the cause can be rendered on a motion to strike out or reject a pleading, the reason for reviewing the whole record does not exist.

4. Pleading—*Special Demurrer—Motion to Strike Out or Reject Plea.*—Special demurrers having been abolished, the motion to strike out or reject can be used to obviate objections to pleadings such as duplicity and the like, which cannot now be raised by demurrer.

5. James River & Kanawha Canal Co.—*Act 1839—Diversion of Water—Damages.*—By section 10 of the Act of March 23, 1839 (Acts 1839, p.

62), the James River and Kanawha Co., to whose rights and obligations the plaintiff in error succeeded, was required to make necessary provision for accommodating the trade of the Rivanna river by building and keeping in repair a certain basin, side locks, and a canal, and was authorized to acquire lands and materials for that purpose, and especially to acquire lands for abutments for dams. The dams were to be built for the sole purpose of supplying the canal with water. It must, therefore, have been the intention of the legislature to have authorized the diversion of the water from the river for this purpose, and the commissioners who assessed the damages to adjacent land owners must have taken into consideration the damages of such land owners, by reason of such diversion.

6. PLEADING—*Several Counts in Declaration—Plea not Specifying to What Count Applicable.*—If the substance of a plea clearly points out to which of several counts in a declaration it is pleaded, it is sufficient, although the counts are not mentioned in the plea.

7. PLEADING—*Assuming Inconsistent Positions in Successive Suits.— Estoppel—Case at Bar.*—A party cannot assume successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other and mutually contradictory. Having assumed one position, he and his privies are thereafter estopped from assuming a conflicting position touching the same subject matter. In the case at bar, those under whom the defendant in error claims to have heretofore recovered damages for unlawfully erecting a dam, he is now estopped from recovering damages for failure to keep in repair the same dam.

8. PLEADING—*General Issue—Special Pleas not Amounting to General Issue.*—It is not error to permit a defendant to plead specially a matter which might be given in evidence under the general issue, but which does not amount to the general issue.

9. PLEADING—*Former Judgment—Set up by Plea—Offered in Evidence— Estoppel.*—A former judgment set up by plea is conclusive, but if only relied on in evidence, the jury are not estopped by it, but must find their verdict upon the whole evidence in the case, and may find against the former judgment.

10. PLEADING—*Plea—Demurrer—Replication.*—If a plea is bad on its face, the plaintiff should demur to it. A replication must either traverse the plea, or set up matter in confession and avoidance.

11. PLEADING—*Res Judicata—Estoppel by Former Verdict.*—A plea of *res judicata* is good only when the causes of action are the same. It is otherwise with a plea of estoppel by a former verdict.

12. PLEADING—*Estoppel by Record.*—It is essential to an estoppel by record that the identical question upon which it is invoked was in issue in the former proceeding.

13. PLEADING—*Estoppel by Record—Issues—Parol Evidence.*—Except for the purpose of identifying the subject matter to which a verdict and judgment apply, parol evidence is inadmissible. The record must speak for itself when it is pleaded as an estoppel. The record alone can be looked to for the purpose of showing what the issues were.

Error to a judgment of the Circuit Court of Fluvanna county, rendered September 23, 1899, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The facts of the case are sufficiently stated in the opinion. The case turned largely on the pleadings. The action was trespass on the case to recover damages for the diversion of water from the plaintiff's mill, and for the failure of defendant company to keep a dam in repair and supply water to the mill. Pleas 2 and 3 referred to in the opinion, and the special replications thereto, are as follows:

*"Plea No. 2.*

" The said defendant says that prior to the 18th day of December, 1889, the James River and Kanawha Company, a corporation acting under authority conferred upon it by the General Assembly of Virginia, constructed and operated a certain canal along the Rivanna river, in the county of Fluvanna, which canal passed through the land in the declaration mentioned and alleged to be owned and possessed by the plaintiff, upon which said land were and are certain mills, and which said land and mills were then owned and possessed by George Stillman and R. W. Ashlin, partners trading under the firm name and style of Stillman & Ashlin, under whom the plaintiff claims, and

which said canal was supplied with water by a dam across said river above said mills; that the right to construct said canal through the said land, and to appropriate sufficient water from said river to supply the said canal was duly acquired by proper and lawful condemnation proceedings by the said James River and Kanawha Company, and that subsequently and by virtue of the Acts of General Assembly of Virginia, approved December 18, 1889, the said defendant became the owner of the said canal; that it thereupon became and was and still is the duty of the said defendant, under the laws of Virginia, to keep said canal at all times supplied with water for purposes of navigation; that in order to keep said canal supplied with water it was and is necessary for the same to be drawn from said river at said mills, and that the said defendant had not, at any time, taken from said river, or deprived the plaintiff of any water in said river except such quantity as was necessary for the supply of the said canal for the purposes of navigation.

"And this the said defendant is ready to verify, wherefore, etc.

## "*Plea No. 3.*

" The said defendant says that heretofore, to wit: at the April term, 1859, of this court, George Stillman and Robert W. Ashlin, partners under the firm of Stillman & Ashlin, the predecessors in title of the plaintiff, and under whom the plaintiff claims the mills and property in the declaration mentioned, brought their suit in this honorable court against the James River and Kanawha Company, the predecessor in title of the defendant, and under which it claims, averring in their declaration that the said James River and Kanawha Company had unlawfully erected the dam, in the said plaintiff's declaration mentioned, across Rivanna river, whereby the said mills and the property appurtenant thereto of the said Stillman & Ashlin were injured and damaged, in which suit such proceedings were had

that on September 16, 1859, the same was tried before a jury, and a verdict and judgment rendered in favor of the plaintiffs and against said James River and Kanawha Company for the sum of two thousand dollars, which said judgment was rendered upon the merits of said case and remains in full force and unreversed, as may be seen by reference to the papers and proceedings in said cause now remaining filed as of record in this court, wherefore the said defendant says that the said plaintiff is estopped thereby from asserting the claim now preferred by him in said declaration.

"And this the said defendant is ready to verify, wherefore, etc.

### "*Special Replication of Plea No. 2.*

"And the said plaintiff as to the said plea by the said defendant, secondly above pleaded, says:

" That the Act of Assembly under which were had the said supposed condemnation proceedings in the said plea mentioned, provided that the judgment upon the report of the assessors in said condemnation proceedings shall be no bar to the recovery of damages for any injury not foreseen and estimated by them, and accruing after the date of their reports, and that the damages complained of by the said plaintiff in the said declaration were not foreseen and estimated by the assessors who made the report in the said supposed condemnation proceedings and the said damages accrued after the date of the said report.

"And this the said plaintiff prays may be inquired of by the country.

### "*Special Replication of Plea No. 3.*

"And the said plaintiff as to the said plea by the said defendant, thirdly above pleaded, says:

" That the said several wrongs and injuries in the said declaration mentioned, were not, nor was any or either of them any

of or any one of the same identical wrongs and injuries as those or any of those which were in issue, and decided in the said supposed action in the said plea mentioned, and for and in respect whereof the said supposed judgment in the said plea mentioned was recovered in manner and form as the said defendant hath above in its said plea alleged.

"And this the said plaintiff prays may be inquired of by the country."

*A. K. &. D. H. Leake*, for the plaintiff in error.

*D. Harman* and *F. C. Moon*, for the defendant in error.

PHLEGAR, J., delivered the opinion of the court.

John W. Rison, trustee, holding the legal title to certain mill property on the Rivanna river, in Fluvanna county, brought an action of trespass on the case, in the Circuit Court for said county, against the Chesapeake and Ohio Railway Company, claiming damages for the diversion of the water from the mill, and for the failure of the company to supply water to the mill. He recovered a verdict and judgment for $575, and the case is here on a writ of error to that judgment.

Only an amended declaration appears in the record here. It contains four counts. The first and second, with unimportant differences, allege the plaintiff's ownership of the property, right to the use of the water of the river for his mill, works, and premises, and that the defendant unlawfully diverted the same, so that the plaintiff was deprived of the use and benefit of his property.

The third count alleges the plaintiff's ownership of the property, that the right to use the water of the river for the mill was acquired in the year 1810 by regular condemnation proceeedings in the County Court of Fluvanna, under which it had been dammed up so that it furnished sufficient power for the mill, and

that it had been used for that purpose. It also alleges that the James River and Kanawha Company was duly authorized to acquire, by condemnation proceedings, the land necessary for the construction of its canals and abutments for its dams; that by the act of March 19, 1836, it was provided that the report of the assessors in such proceedings and the judgment thereon should not be a bar to the recovery of damages for any injury not foreseen and estimated by the assessors, and accruing after the date of their report; that the James River and Kanawha Company afterwards " acquired by condemnation proceedings the land necessary for an abutment to a dam above the mill, but below the dam of the said mill, and also acquired by condemnation proceedings land necessary for a canal, to be constructed by said company, *to be supplied by the dam proposed to be erected by said company on the site aforesaid.*" It also alleges that the proposed dam was erected, and the canal cut, so as to connect with the dam, and that thereby, the dam which had supplied water to the mill was destroyed; " but the said company, *in lieu* and *instead* thereof, made a new mill-race from its said dam to the aforesaid mill, by means whereof the mill *was to be* and was," until the grievances complained of, supplied with water; that the assessors did not foresee or estimate any damages for the contruction of the works of the company, and that there would have been none if the company had kept its dam in good repair and free from breaks and leaks.

It then alleges "that by reason of the premises the plaintiff acquired, and has the right to, the benefit of the water from the said dam which ought to, and, until the commission of the grievances herein complained of did, of right run and flow *from the said dam through the mill-race so constructed as aforesaid by the said James River and Kanawha Company,* into the said mill;" and further alleged that the James River and Kanawha Company, and the defendant, as its successor in title and obligation, " was, and still is, bound to provide that the said dam

should be kept in good repair, free from breaks, leaks, etc., and by other means to provide so that the water should not be diverted from the mill."

It then alleges that the defendant negligently, wrongfully, etc., "caused, suffered and permitted the said dam to be, and continue, in bad repair, with many breaks, holes therein, etc., and wrongfully, unlawfully and negligently turned and diverted * * * large quantities of the water from the stream and water course out of and away from the mill through the breaks, holes, etc., in said dam, and through the canal aforesaid," and thereby deprived the plaintiff of sufficient water to run his mill.

The cause of action alleged in this count is that, by the substitution of the new race for the old one, the plaintiff became entitled to such water as ran through the new race, and the James River and Kanawha Company, and its successors, became bound to keep up the new dam so that water would be supplied through the new race, and that this duty had not been performed. It is true that this count alleges that water was diverted through the canal, as well as through the leaks in the dam, but this seems to be alleged as one of the reasons why the water was not kept in the new race, rather than as an independent wrong.

The fourth count alleges the plaintiff's ownership of the mill, its construction prior to 1836, and the construction at the same time of a dam by which the necessary water was supplied to the mill, the condemnation by the James River and Kanawha Company of a portion of the mill tract for the abutment of a dam, and for a canal; that the company's dam was so constructed as to submerge and render useless the old mill dam, and "that, in consideration of the premises, it was, at the time of said condemnation, agreed and understood, between the James River and Kanawha Company and the owners of said mill, that the said company, its successors and assigns, would and should be bound to perpetually thereafter furnish to the owners of the said mill, their successors and assigns, the proper and necessary

amount of water and water power for the proper running and operation of the said mill, without any further compensation or reward to be paid therefor by the owners of the said mill;" that this duty was performed until the James River and Kanawha Company conveyed its property to the Richmond and Alleghany Railroad Company; that the R. & A. R. R. Co. became bound to perform this obligation of the James River and Kanawha Company, and did so until its rights and property, including said dam and canal, were conveyed to the defendant; that the defendant, under an act of Assembly, approved December 18, 1889 (Acts 1889-'90, p. 2), became bound to perform the obligations of the James River and Kanawha Company, and did so until October, 1892.

It then alleges that Stillman and Ashlin owned the mill property when the dam and canal were constructed, and that plaintiff has acquired the same by lawful transfers.

It then alleges that the defendant, "on the —— day of October, 1892, and from thence until October 1, 1895, negligently and wilfully failed to keep said dam in due and proper order and repair, and allowed it to become greatly out of repair, and in a leaky condition," etc., so that the said plaintiff, during a large portion of that time, was not provided with, and could not obtain, the necessary and proper amount of water power for the said mill.

This count is clearly based upon the failure to perform an alleged contract.

As soon as this amended declaration was filed, the defendant tendered a plea alleging that the Circuit Court of Richmond city had exclusive jurisdiction of the alleged causes of action. This plea was objected to and rejected.

It was based on section 4, act of February 27, 1879, Acts 1878-'9, p. 125.

A majority of the court is of opinion that the Circuit Court of

Fluvanna county had jurisdiction of the cause. As the court is not unanimous on this point, it will not be further discussed.

A demurrer to the declaration and to each count thereof was overruled by the Circuit Court, and that is assigned as error, but no objections are specified.

If the power of the James River and Kanawha Company to make a contract to furnish water for a mill, or factory, regardless of the sufficiency of the water both for transportation and for such mill or factory is involved in this demurrer, the question was not argued, and we do not consider it necessary to a proper decision of this case. Therefore, we do not express any opinion upon that point in sustaining the action of the Circuit Court in overruling the demurrer.

The next point to be considered arises out of Special Plea No. 2, and the replication thereto.

The plea was filed to meet the first and second counts. It alleges that the James River and Kanawha Company, by lawful authority, constructed and operated a canal through the mill tract mentioned in the declaration; that the right to construct the dam, and to appropriate a sufficient quantity of water from the river to supply the canal, were duly acquired by the James River and Kanawha Company by proper condemnation proceedings; that the defendant had, under an act of Assembly approved December 18, 1889, acquired the canal, and that it was and is its duty to keep the canal at all times supplied with water for purposes of navigation, and that to do this it was necessary to draw the water from the river at the mills, and that it had taken no more water than was necessary to supply the canal for the purposes of navigation.

Without objecting to this plea, the plaintiff filed a general replication thereto, and, at the next term of the court, offered a special replication, as follows: "That the Act of Assembly, under which the supposed condemnation proceedings in the plea mentioned were had, provided that the judgment upon the report

of the assessors in said condemnation proceedings shall be no bar to the recovery of damages for any injury not foreseen and estimated by them, and accruing after the date of their reports; and that the damages complained of by said plaintiffs in the said declaration were not foreseen and estimated by the assessors who made the report on the said supposed condemnation proceedings, and the said damages accrued after the date of said report, and this the said plaintiff prays may be inquired of by the country."

The defendant moved the court to reject this replication, which motion was overruled, and that ruling is assigned as error.

The plaintiff seeks to avoid this assignment by claiming that the plea should have been rejected, because the matter alleged could have been given in evidence under the general issue, which had been pleaded, and because the plea does not state what counts of the declaration it is intended to meet.

As already stated, a general replication had been filed to this plea, and therefore the special replication should have been rejected unless the other was withdrawn. *C. & O. Ry. Co.* v. *Bank*, 92 Va. 495.

At common law, and in this State, when there is but one plea, and leave to amend is not asked, final judgment is rendered on a demurrer. Unless all the pleadings are reviewed on the demurrer, the judgment may be contrary to the right of the cause, either in favor of a plaintiff who has shown no cause of action, or of a defendant who has shown no sufficient grounds of defence. No final judgment can be rendered on a motion to strike out or to reject a pleading, and the reason for reviewing the whole record on demurrer does not exist where the objection is made by motion.

Special demurrers having been abolished, the motion to reject or strike out can be used to obviate objections to pleadings, such as duplicity and the like, which cannot now be raised by demurrer, when, as is said in *Reed* v. *Hanna's Ex'or*, 3 Ran. 56, the party should not be put to the hazard of a demurrer. If he

employs the means to avoid the hazard of a demurrer, he is hardly entitled to its benefits. The motion to exclude the replication did not require the court to pass upon the sufficiency of the plea.

As this case must be remanded for a new trial, we should determine the sufficiency of all the pleadings which have been filed, where the proper steps have been taken to test their sufficiency.

We think Special Plea No. 2 is sufficient, and that the replication thereto is insufficient, and should be stricken out.

Several acts have been passed which recognize the Rivanna, or North Fork of James river, as it was first called, as a navigable stream, or as capable of being made so, and provide for its improvement. See act of October, 1765, 8 Hen. Stat. at Large, p. 148; act December 22, 1794, 1 Hen. Stat. at Large, new series, p. 330; act March 2, 1827, Acts 1826-'7, p. 58. What, if anything, was done under those acts, does not appear in this record. But by the tenth section of the act of March 23, 1839, Acts 1839, page 62, the James River and Kanawha Company was required, within twelve months after the navigation of its canal was opened to the town of Columbia, to make necessary provisions for accommodating the trade of the Rivanna river, by a basin convenient to the town, sufficiently capacious, etc., "and by constructing and by keeping in good and constant repair such side-locks and lateral canal as may be necessary to admit into the basin free entrance of boats ascending and descending the Rivanna river, for which purpose the said James River and Kanawha Company shall have full power to acquire by contract or condemnation the requisite lands and materials in the same manner, and subject to the same limitations and restrictions, as are prescribed by the charter in relation to other lands and materials required by the work of the company."

It cannot be doubted that the Legislature, by this section, placed upon the James River and Kanawha Company the obligation to keep the basin and connecting canal supplied with

water, and that the authority to acquire lands and materials, and especially the authority to acquire lands for abutments for dams, which is repeatedly mentioned in the charter of the company and the amendments thereto, was for the express purpose of having the water turned into the canal. The dam could be built for no other purpose. To aver that the assessors, when they made their report, and the court, when it entered judgment thereon, did not foresee that the water would be diverted from the river, and that they made no estimate therefor, or that the Legislature supposed they would make none, is to stultify the Legislature, the assessors, and the court.

The act incorporating the Upper Appomattox Company did not expressly grant the water, yet this court, in *Stokes & Smith* v. *Upper Appomattox Company*, 3 Leigh, 318, construed it as a grant of the water. For these reasons the replication should have been stricken out.

If, as is suggested by the defendant in error, Stillman and Ashlin had rights which could not be, or were not, condemned, that matter should have been pleaded.

The next assignment of error arises out of Special Plea No. 3 and the replication thereto, both of which were objected to and admitted.

The plea alleges that in 1859 Stillman and Ashlin brought their suit in the Circuit Court of Fluvanna county against the James River and Kanawha Company, averring in their declaration that the said company had *unlawfully* erected the dam in question, whereby the mill and appurtenant property had been damaged; that a verdict was obtained, and judgment rendered on the merits in favor of Stillman and Ashlin, and that the plaintiff is thereby estopped from asserting his present claim.

The replication is that the wrongs and injuries in the declaration mentioned are not the same or any part of those which were in issue, and on which the judgment in the plea mentioned was rendered.

The plea was objected to, first, because it neither meets the whole declaration nor specifies the counts it is intended to meet; second, because it does not present a good defence to any part of the action; third, because the same matter was put in issue by the plea of not guilty.

The plea sets up the judgment as an estoppel to some claim asserted in the declaration. It cannot possibly apply to the first and second counts.

The third and fourth counts allege an undertaking by, and obligation on, the defendant, growing out of the erection of the dam, to maintain it for the benefit of the plaintiff's mill.

If the erection of the dam was adjudged to be unlawful, no such obligation can be asserted, and the plea meets the third and fourth counts, and is as clearly in response to them as if they were mentioned by numbers. It would be extremely technical and opposed to the statute of jeofails to reject this plea, or plea No. 2, for the lack of reference to the numbers of the counts.

A party is forbidden to assume successive positions in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other and mutually contradictory. An unsuccessful plaintiff in a suit for the specific performance of a contract was not permitted to maintain a suit to reform the contract and enforce it as reformed. Black on Judgments, section 632; *Simpson* v. *Dugger*, 88 Va. 963.

The first suit, as alleged in the plea, presented but two issues. First, was the dam unlawfully erected; second, were the plaintiffs damaged by the unlawful erection of the dam? Under the declaration set forth in the plea, it was impossible to support the verdict and judgment on any ground or theory except that the dam was unlawfully erected. Therefore, the verdict and judgment established that fact. It is impossible for the plaintiff to recover under the third and fourth counts of the declaration in this suit, unless the dam was lawfully erected.

Does the plea present an estoppel? We think it does. If it does not do so, the plaintiff may recover damages for the injury done by the dam as an unlawful structure, and then recover on the contract for the failure to maintain it, and this might continue indefinitely.

" There is no doubt that a judgment or decree necessarily affirming the existence of any fact is conclusive upon the parties or their privies, *whenever* the existence of that fact is again in issue between them, not only when the subject matter is the same, but when the point comes incidentally in question in relation to a different matter, in the same or any other court, except on appeal, writ of error, or other proceeding provided for its revision. * * * *"

" The principle underlying and supporting all these decisions is, that a judgment necessarily affirming or denying a fact is conclusive of its existence whenever it becomes a matter in issue between the same parties, or between parties in privity with them. Therefore, a judgment for the defendant in an action for obstructing a water course, if based upon the ground that there was no water course to be obstructed, is, in subsequent actions, conclusive of the non-existence of such water course; but, if the judgment *had been for the plaintiff*, it would *necessarily* have been *conclusive* in other actions of the *existence of the water course, and of its obstruction.*" Freeman on Judgments, section 249.

This principle has been frequently recognized and applied in this State (*Shelton* v. *Barbour*, 2 Wash. 64; *Preston* v. *Harvey*, 2 H. & M. 63; *Douglass* v. *Fagg*, 8 Leigh, 588; see also 7 Rob. Prac., pp. 237, 240 *et seq.*), and has been fully recognized in cases where it was held not to apply. *Chrisman* v. *Harman*, 29 Gratt., at page 500; *Blackwell* v. *Bragg*, 78 Va. 540.

The objection to the plea, that the matter was admissible under the general issue, was not well taken. While it has been held by this court not to be error to reject special pleas alleging

matter which could be given in under the general issue (*Fant* v. *Miller & Mayhew*, 17 Gratt. 67; *Va. F. & N. Ins. Co.* v. *Buck & Newsom*, 88 Va. 517), no case has been found which was reversed because such pleas were admitted. In *West End Land Co.* v. *Claiborne*, 97 Va. 740, the opinion was expressed that it was error to admit certain pleas because they could have been proved under the general issue, but the case was reversed for other errors. No reference is made in that case, or in either of the cases cited, to the case of *Maggort* v. *Hansbarger*, 8 Leigh, 532, in which a very important, and very reasonable, distinction is drawn.

Special pleas had been admitted in an action of *assumpsit*, alleging matter which was provable under the general issue, and that was assigned as error. Said Judge Parker, for the court: "I know of no rule which inhibits the party from pleading specially what he might give in evidence under the general issue, unless the matter pleaded amounts to the general issue—that is to say, denies the allegations which the plaintiff is bound to prove. But where the cause of action is avoided by matter *ex post facto* it *may always be* specially pleaded, whether it could be given in evidence under the general issue or not." Unless some improper advantage is sought to be obtained by filing them, the plaintiff is usually benefited rather than injured by special pleas which give him full and specific notice of the defences.

But there is another reason why Special Plea No. 3 should have been admitted in this case. A distinction has been taken in England, and in some of the United States, and several times recognized in this State, between the effect of a judgment as an estoppel where it is pleaded, and where it is only relied on in evidence.

In the first instance, it is held to be conclusive; in the last instance, it is held that the jury are not estopped, but must find their verdict upon the whole evidence in the case, and may find against the former judgment. *Cleaton* v. *Chambliss*, 6 Ran. 94;

*Craddock* v. *Turner's Adm'r,* 6 Leigh, 129; *Carrol County* v. *Collier,* 22 Gratt. 309; *Hayes and Wife* v. *Va. Mut. Ass'n,* 76 Va. 231.

No litigant should be required to submit the question of the validity and effect of a judgment to the determination of a jury, unless he elects so to do.

The replication is not a denial of the plea. It neither makes nor tenders an issue. It simply says that the injuries complained of in this suit are not the same injuries for which the judgment was rendered in the Stillman and Ashlin suit. That was apparent on the face of the plea, and if the plaintiff considered it a reason why the plea was bad, he should have demurred. A replication must either traverse the plea, or set up matter in confession and avoidance.

The plaintiff seems to have confounded the plea of estoppel by a former verdict with the plea of *res adjudicata,* which is good only when the causes of action are the same. 7 Rob. Prac. 344. The replication should have been rejected.

It is, of course, competent for the plaintiff to reply any matter arising since the judgment in favor of Stillman and Ashlin which may have revived the right, if it ever existed, to insist that the dam shall be maintained for the benefit of the plaintiff's mill.

The plaintiff, both by the objection to the plea and by an instruction which was given, invokes the doctrine of estoppel against estoppel. The claim is that the judgment in the condemnation proceedings established the fact that the dam was a lawful structure, and estops both parties from denying that fact; that, if the Stillman and Ashlin suit estops the parties to deny that the dam was lawfully erected, there is an estoppel against an estoppel, which, it is said, "setteth the matter at large," and leaves open the question of the character of the dam.

This question can be disposed of without discussing the effect of an estoppel against an estoppel, where such exists.

It is essential to an estoppel by record that the identical ques-

tion upon which it is invoked was in issue in the former proceeding.

The rule is thus stated in Black on Judgments, section 610: " There must be an identity of issues, and by this is meant that the issue raised in the second suit, upon which the evidential force of the former judgment is to be directed, must be identical with the issue, or one of the issues, raised and determined in the first action."

The condemnation proceedings only adjudged that the James River and Kanawha Company might erect a dam in a lawful manner, but it did not determine that it had done so. In the Stillman and Ashlin suit, the character of the dam, after it was erected, was put in issue, and it was determined that the company had not done so. The argument and inference may be very strong that the James River and Kanawha Company would and did erect the dam in a lawful manner, but there is no adjudication that it did, which can be pleaded as an estoppel to the adjudication that it did not. See *Mersereau* v. *Pearsall*, 19 N. Y. 111.

If the adjudication were on the same point, it would be necessary to consider how far the effect of the judgment in the condemnation proceedings was waived by the parties, by submitting the question to a trial in the Stillman and Ashlin suit. *Mersereau* v. *Pearsall, supra; Tibbetts* v. *Sharpleigh,* 60 N. H. 487.

The last assignment of error which we consider it necessary to notice is the admission of parol evidence, tending to prove that, in the suit of *Stillman and Ashlin* v. *James River and Kanawha Company,* the issue of the dam being unlawfully erected, was not tried. This evidence was improper. The record must show what the issues were. The declaration alleged that the dam was unlawfully erected. Without that allegation, no cause of action was alleged. The plea, "not guilty," put that allegation in issue.

To say that this was not in issue, is to contradict the record.

"Parol evidence to show a recovery for a different cause of action from the one specially stated in the pleadings did not tend to explain, but to contradict the record of a former recovery." 7 Rob. Prac. 265.

Except for the purpose of identifying the subject-matter to which the verdict and judgment apply, parol evidence is inadmissible, and the record must speak for itself when it is pleaded as an estoppel. 7 Rob. Prac., pp. 269-70. If Stillman and Ashlin had owned two mills, and the canal company had owned two dams, parol evidence would have been admissible to explain which mill and dam were the subjects of the issue made by the pleadings, but not to prove what the issues were.

It follows from what has been said that the verdict and judgment must be set aside, the replications to the special Pleas Nos. 2 and 3 stricken out, with leave to the plaintiff to make such proper replication as he may be advised to make, and that a new trial be had in accordance with the principles announced herein.

*Reversed.*