Syllabus.

# Wytheville.

## GEORGE NAGLE AND SAMUEL NAGLE V. CHARLES SYER.

### June 14, 1928.

#### Argued and submitted before Judge Holt took his seat.

1. MORTGAGES AND DEEDS OF TRUST—*Lease of Mortgaged Property After Deed of Trust—Rights of Purchaser at Sale Under Deed of Trust Superior to Lessee.*—The rights of a purchaser at sale under a deed of trust are paramount to the rights of a lessee under a lease made after the execution of the deed of trust.

2. ESTOPPEL—*Inconsistent Positions—Owner of Property Repudiating One Lease of the Property and After Failure to Recover Rent Under Another Lease of the Property Claiming Right to Recover Under the Lease He had Repudiated.*—In the instant case a purchaser of property at a sale under a deed of trust brought suit for rent against the tenants of the property under a lease executed before the execution of the deed of trust, repudiating a later lease of the mortgagor to tenants and a cancellation at that time of the former lease. Having lost his suit on the earlier lease, the purchaser of the property changed his position and claimed a right to recover under the new lease which he had repudiated. The tenants had requested the purchaser to recognize the new lease and to accept them as tenants, but he had refused to do so and they had removed from the premises.

   *Held:* That the purchaser of the property could not thus change his position and recover rent under the lease which he had repudiated.

3. ESTOPPEL—*Election—Inconsistent Positions.*—A party cannot, either in the course of litigation or in dealings *in pais,* occupy inconsistent positions. Upon that rule election is founded; a man shall not be allowed, in the language of the Scotch law, "to approbate and reprobate." And where a man has an election between several inconsistent courses of action, he will be confined to that course which he first adopts; the election, if made with knowledge of the facts, is itself binding, it cannot be withdrawn though it has not been acted upon by another change of position.

Error to a judgment of the Circuit Court of the city of Norfolk, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Herman A. Sacks* and *Jas. G. Martin*, for the plaintiffs in error.

*Mann & Tyler*, for the defendant in error.

WEST, J., delivered the opinion of the court.

On April 18, 1921, James Silver leased to George Nagle, Samuel Nagle, Maxwell Rosen and A. Myers, partners trading as the Dixie Store, his building known as No. 518 Main street, Norfolk, Virginia, for mercantile purposes, for a term of seven years from the first day of January, 1922, to the 31st day of December, 1928, for the sum of $3,600 per annum, payable in equal monthly instalments, in advance, of $300 on the first day of each month.

Rosen, on October 9, 1922, and Myers, on October 12, 1922, withdrew from the partnership by agreement, but they were not relieved from liability under the contract of lease of April 18, 1921. On October 26, 1922, Silver executed a deed of trust conveying to S. Heth Tyler, trustee, the lot with the building thereon, known as No. 518 Main street, to secure the sum of $7,500 due the Seaboard National Bank.

After the making of the lease and after the dissolution of the partnership, as above stated, Silver assigned to the National Bank of Commerce, of Norfolk, the rents accruing under the lease of April 18, 1921.

On May 1, 1924, Silver, the Nagles and the National Bank of Commerce entered into an agreement whereby the lease of April 18, 1921, was cancelled and annulled in consideration of the payment of $500.00 and the execution of a new contract by the Nagles. Accordingly, on May 1, 1924, a new lease was made from Silver to George and Samuel Nagle, demising the store to them for eight months, from May 1, 1924, to December 31, 1924, with option to the lessees to extend the lease from year to year for three years, at $300.00 per month.

Silver made default in the payment of his notes due under the deed of trust, and Tyler, trustee, sold the property in accordance with the terms of the deed on June 11, 1924, at which sale Charles Syer, the defendant in error, became the purchaser, and the trustee conveyed the property to him by good and sufficient deed.

[1] When Syer purchased the property, on June 11, 1924, the lease of April 18, 1921, had been cancelled and the Nagles had only the lease of May 1, 1924, made after the deed of trust to Tyler, trustee, under which Syer had purchased. Syer's title was paramount to the lease of May 1, 1924, and he could not be made to recognize that lease.

The Nagles were willing to be recognized as tenants under the new lease of 1924, but Syer refused to so recognize them. He claimed the lease of May 1, 1924, was void and that the lease of April 18, 1921, was still in force, and notified the Nagles that he would expect the rent due under the latter lease to be paid to him, on and after June 11, 1924.

On February 12, 1925, Syer brought action against the Nagles and Rosen and Myers, lessees under the lease of April 18, 1921, to recover the rent claimed to

be past due him thereunder, from June 11, 1921, to January 31, 1925.

The court, upon practically the same evidence as that introduced in the instant case, held that the lease of April 18, 1921, had been legally cancelled, and entered judgment against the plaintiff. Upon a petition to this court for a writ of error, the writ was refused.

In February, 1926, Syer served the notice of motion for judgment in the instant case, to recover against George and Samuel Nagle the rent alleged to be due him under the new lease of May 1, 1924, from August 1st to December 31, 1924.

The defendants pleaded the general issue and filed a special plea, alleging that the plaintiff had expressly elected not to recognize the lease of May 1, 1924, upon which the action was brought, and that he was claiming rent for the same period for which the court had decided in the first case he could not recover.

The court struck out the special plea, and held that Syer was not bound by his former election not to be bound by the lease of May 1, 1924, and could now claim thereunder. The jury returned a verdict in favor of the plaintiff for $1,500.00, which the court refused to set aside, upon which a final judgment was entered.

The petitioners assign as error the action of the court in striking out the special plea; in refusing two instructions for the defendants; in granting an instruction for the plaintiff, and in refusing to set aside the verdict and enter final judgment for the defendants.

In our view of the case, it is necessary to consider only the last assignment of error, relating to the action of the court in refusing to set aside the verdict of the jury and enter judgment for the defendants.

The lease of April 18, 1921, was legally cancelled

prior to the date on which Syer purchased the property from Tyler, trustee; and the lease of May 1, 1924, was made after the recordation of the deed of trust to Tyler, trustee, under which Syer acquired his title. The title of Syer is therefore paramount to the lease of May 1, 1924, and he was not bound by and could not be compelled to recognize that lease. The Nagles requested Syer to recognize it and accept them as tenants thereunder, but he refused to do so. They, therefore, removed from the premises and had no use of the property during the period for which the plaintiff is endeavoring to recover rent in this case.

On July 11, 1924, the Nagles wrote Syer "to ascertain whether or not you are willing to let us become your tenants under said lease," the lease referred to being the lease of May 1, 1924.

On July 12, 1924, Syer's counsel replied: "Mr. Syer does not   *   *   *   recognize the new agreement made between you and J. Silver on the 1st day of May, 1924. He insists that the lease of April 18, 1921, is still in force."

On July 22, 1924, Syer's counsel wrote Nagle's counsel as follows:

"After full consideration of the contracts and agreements between J. Silver and Nagle Brothers, in connection with the deed of trust to S. Heth Tyler, trustee, and the facts which have come to our knowledge, we have been obliged to advise Mr. Syer that we think the Nagles are liable to him under their contract of rent of April 18, 1921, with J. Silver, for the rent during the entire period of that lease; and that the attempted release of May 1, 1924, is invalid and of no effect as against Mr. Syer who purchased from S. Heth Tyler, trustee.

"Mr. Syer is, therefore, unwilling to accept the prop-

osition you made verbally under which the Nagles would pay the rent for the balance of the year and would agree to vacate upon two weeks' notice if Mr. Syer should obtain a new tenant.

"Since the acceptance of the check for $500.00 contained in your letter of July 18, 1924, would, in view of your letter, seem to imply a recognition by Mr. Syer of the so-called lease of May 1, 1924, or of the right of the Nagles to vacate, we are returning the said check to you herewith."

[2] Having lost the suit on the lease of April 18, 1921, Syer changed his position and claimed a right to recover under the new lease of May 1, 1924, which he had theretofore repudiated. This he could not do.

[3] In *Arwood* v. *Hill's Admr.*, 135 Va. 235, 117 S. E. 603, this is said: "A party cannot, either in the course of litigation or in dealings *in pais*, occupy inconsistent positions. Upon that rule election is founded; a man shall not be allowed, in the language of the Scotch law, 'to approbate and reprobate.' And where a man has an election between several inconsistent courses of action, he will be confined to that course which he first adopts; the election, if made with knowledge of the facts, is itself binding, it cannot be withdrawn, though it has not been acted upon by another, by any change of position. Bigelow on Estoppel, page 733."

The court holds in *C. & O. Ry. Co.* v. *Rison*, 99 Va. 31, 37 S. E. 324: "A party is forbidden to assume successive positions in the course of a suit or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other and mutually contradictory. An unsuccessful plaintiff in a suit for specific performance was not permitted to maintain a suit to reform a contract and enforce it as reformed.

17

Black on Judgments, section 632; *Simpson* v. *Dugger*, 88 Va. 963 [14 S. E. 760]."

Syer not only had the right of election of remedies, but the right to elect whether or not he would admit the validity of the lease of May 1, 1924, and recognize the Nagles to be his tenants thereunder. Having exercised these rights by suing them upon the contract of April 18, 1921, and declaring the lease of May 1, 1924, to be null and void and refusing to recognize the Nagles as tenants thereunder, the Nagles are released from the obligations of that contract and Syer cannot now recover against them thereon. Syer's title being paramount to the lease of May 1, 1924, the Nagles could become his tenants only with his consent.

For the reasons stated, the judgment will be reversed, and judgment will be entered here for the Nagles, defendants in the trial court.

*Reversed.*