# Richmond

TOWN OF WAYNESBORO V. ANNIE C. WISEMAN.

November 15, 1934.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Chinn, JJ.

The opinion states the case.

*W. E. Moore,* for the plaintiff in error.

*G. H. Branaman* and *Charles Curry,* for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

This writ of error brings under review the proceedings in an action in which Annie C. Wiseman, plaintiff in the trial court, obtained a verdict and judgment for $2,000 against the town of Waynesboro, for personal injuries.

Plaintiff was injured on the night of March 4, 1932, when an automobile, in which she was riding, was driven by her son into the rear end of a truck, loaded with lumber, which had been left parked on the main artery of travel, just within the corporate limits of the town. In her original notice of motion, she made J. P. Boward, the owner of the truck, the sole defendant. This notice alleged: That on the afternoon of March 3, 1932, while the truck was being driven in an easterly direction along the Jefferson highway, and just as it entered the corporate limits from the west, it broke down, was pulled to the right side, and parked on the paved portion of the street, and there left, unattended, unguarded, and without adequate warning signals, or lights for more than forty hours; that the ends of pieces of lumber extended unevenly over the rear of the truck some four or five feet; that approximately thirty-six feet west of the rear of the truck, and outside the corporate limits of the town, the paved surface of the highway is thirty feet wide, divided by white lines into three driveways; that at the point where the truck was parked the paved surface of the street is only sixteen feet wide; and that the parked truck under these conditions seriously obstructed the free movement of traffic, and was the source of potential danger to users of the street.

The owner of the truck filed a written statement of defense, in which he denied the material allegations set forth in the notice of motion, and entered a plea of contributory

negligence. At a later term of the court, pursuant to the provision of Code, section 6102, plaintiff made the town of Waynesboro a co-defendant. It appears from this amended notice that plaintiff relied upon the same alleged facts, set forth in her original notice against the owner of the truck, to charge the town with liability for her injuries. To the amended notice, J. P. Boward filed the same pleas which he had filed to the original notice of motion. The municipality filed a demurrer, pled the general issue and contributory negligence.

Before trial on the issues thus joined, plaintiff filed a written statement, signed by her attorneys, reading thus:

"ACKNOWLEDGMENT OF COUNSEL FOR PLAINTIFF

"The plaintiff, by her attorneys, acknowledging that there is no liability against the defendant, J. P. Boward, now comes and moves the court to dismiss this action as to the said Boward, without any right on the part of the plaintiff to hereafter reinstitute the same."

Thereupon the court entered the following order: "This day came the parties by their attorneys and the plaintiff by her attorneys acknowledging that there is no liability against the defendant, J. P. Boward, now comes and moves the court to dismiss this action as to the said Boward without the right on the part of the plaintiff to hereafter reinstitute the same.

"It is, therefore, considered by the court that this action be dismissed as to the defendant, J. P. Boward, without the right on the part of the plaintiff to reinstitue the same. And on motion of the defendant, the town of Waynesboro, it is ordered that this suit be continued until the next term, but at the cost of the said defendant, the town of Waynesboro."

Thereafter, a jury was empanelled to try the issues between plaintiff and the town. Before these issues were submitted to the jury, the town moved the court to strike all the evidence, on the ground, among others, that "the writ-

ten release as to Boward, filed in the suit (action) by the plaintiff and signed by plaintiff's counsel, admits that there was no liability upon Boward for creating an obstruction; and this release as to Boward, as a matter of law, discharges the town of Waynesboro from any liability through permitting a lawful obstruction to remain. The release of one joint tort-feasor operating as a release of all of the joint tort-feasors." This motion was overruled. After verdict, the town made a motion to set it aside and included the above as one of its grounds.

The legal question, presented in these two motions, and made the third assignment of error in the petition to this court, is decisive of the case. The precise point involved is not enlarged upon in either brief. The town relies upon, and cites, only one case, *Bland* v. *Warwickshire Corp.*, 160 Va. 131, 168 S. E. 443. The facts in that case are distinguishable from the facts now under consideration. This is apparent from the syllabus which in part reads, "* * * the sole question at issue was whether an absolute release not under seal of one joint tort-feasor, which contains a reservation of the rights of the injured party against the other joint tort-feasors, operates as a release of all the joint tort-feasors." Twenty-five hundred dollars was the stated consideration for the release, which was held to be a bar to any action for the same indivisible injuries against the other joint tort-feasors. No specific reference was made in the opinion in that case to Code, section 5779, nor do we deem it essential to consider the effect, if any, of that statute on the facts here presented.

Plaintiff, in effect, contends that, before a release of one joint tort-feasor constitutes a bar to an action for the same injuries against other tort-feasors, consideration for the same must be proven, and, since the one in question is not under seal, and the defendant failed to prove she had received satisfaction, it is not a bar to her action against the town. To support this proposition, plaintiff cites and relies upon Code, section 6264, and *Fitzgerald* v. *Campbell*, 131 Va. 486, 109 S. E. 308, 27 A. L. R. 799. Neither the

provision of the section, nor the decision in that case, is helpful on the point under consideration. The statute provides that an unpaid judgment, obtained against one wrongdoer, shall not be a bar to an action against other wrongdoers responsible for the same injury, and that, if there be separate judgments against different defendants for a joint wrong, the plaintiff shall elect which of them he will prosecute. But the payment, or satisfaction, of any one of them shall be a discharge of all. The case of *Fitzgerald* v. *Campbell, supra,* held that a judgment was not paid, or satisfied within the meaning of the above section, where a plaintiff refused to accept the amount of a judgment which he had obtained against one of the wrongdoers, from a sheriff who had collected the same on execution which had been issued thereon without the plaintiff's knowledge or consent.

The real question presented is, whether plaintiff is, by the statement and judgment heretofore quoted in full, estopped from prosecuting her action against the municipality. Plaintiff did not take a non-suit as to Boward, or merely dismiss her action against him. The statement filed in the record, and the judgment of the court thereon, is a complete and final exoneration of Boward from all culpability in parking his truck where he did and in leaving it for more than forty hours without adequate warning signals or light during the two nights it remained upon the street. In plaintiff's brief, filed in this court, it is said that she exonerated Boward, "because it became apparent that the case could not be maintained against him," and yet in argument his negligence is relied on as a reason which should sustain a recovery.

It furthermore clearly appears, both in plaintiff's pleadings and in proof, that the negligence, if any, of the municipality was wholly derivative. The liability of defendant, if any, was based on constructive knowledge of an alleged dangerous obstruction in the street, placed there and left unguarded and unlighted by the owner of the truck. An exception to the general rule requiring mutuality in an

estoppel by judgment exists where the liability of defendant is wholly dependent upon the negligence of one exonerated in the same, or in a prior action by the same plaintiff.

"The unilateral character of the estoppel of an adjudication in such cases is justified by the injustice which would result in allowing a recovery against a defendant for conduct of another, when that other has been exonerated in a direct suit. The cases in which it has been enforced are cases where the relation between the defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee." *Bigelow* v. *Old Dominion Copper Mining & Smelting Co.*, 225 U. S. 111, 128, 32 S. Ct. 641, 642, 56 L. Ed. 1009, Ann. Cas. 1913E, 875; *Portland Gold Mining Co.* v. *Stratton's Independence* (C. C. A.), 158 Fed. 63, 16 L. R. A. (N. S.) 677.

In *New Orleans and Northeastern R. R. Co.* v. *Jopes*, 142 U. S. 18, 27, 12 S. Ct. 109, 112, 35 L. Ed. 919, this is said: "If an act of an employee be lawful, and one which he is justified in doing, and which casts no personal responsibility upon him, no responsibility attaches to the employer therefor." See *Barnes* v. *Ashworth*, 154 Va. 218, 229, 153 S. E. 711; 15 R. C. L. 956.

In *Brobston* v. *Darby*, 290 Pa. 331, 138 Atl. 849, 54 A. L. R. 1285, it was held that a judgment in behalf of a street railway company, in an action against it to recover damages for personal injuries caused by a defect in that portion of the street which it was under obligation to maintain, bars an action by the same plaintiff against the municipality to recover damages for the same injury on the same state of facts.

The identical question was before this court in *Sawyer* v. *City of Norfolk*, 136 Va. 66, 116 S. E. 245, 246. There a pedestrian brought an action against the Puritan restaurant and the city of Norfolk, and alleged that he was injured by a violent opening of a door in the restaurant as he was passing along the sidewalk. The trial court sustained a demurrer, filed by the city of Norfolk, on the

ground that plaintiff had failed to give the city notice of his claim, before instituting the action. The trial on the merits resulted in a judgment against plaintiff, and in favor of the other defendant. On a review by this court, it was held that the evidence was sufficient to sustain the finding in favor of the Puritan restaurant, and that plaintiff was estopped, by this judgment on the merits, from prosecuting his action against the city of Norfolk. Judge Prentis in the concluding paragraph of the opinion said: "It is manifest here that, as the defendants, the Puritan restaurant, have been acquitted of any actionable negligence out of which the injury of the plaintiff arose, the city of Norfolk cannot be held liable therefor, because its liability is derivative, and under the facts of this case depends upon the alleged specific negligence of the Puritan restaurant. This issue having been judicially determined adversely to the plaintiff the city is not liable for his injuries, which he alleges were thereby caused."

For the reason stated, the judgment of the trial court is reversed, the verdict set aside, and judgment entered for the town of Waynesboro.

*Reversed.*