Present:  All the Justices

LOFTON RIDGE, LLC

v.  Record No. 032716     OPINION BY JUSTICE DONALD W. LEMONS
                                September 17, 2004
NORFOLK SOUTHERN RAILWAY
COMPANY, ETC.

FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Charles H. Smith, Jr., Judge

In this appeal, we consider whether the trial court properly applied the doctrine of judicial estoppel in dismissing with prejudice a plaintiff's suit seeking declaration of an easement for access to a parcel of land.

I.  Facts and Proceedings Below

Lofton Ridge, LLC, ("Lofton Ridge") purchased 226 acres of land in Augusta County, Virginia in the fall of 1998 with the intention of subdividing the property for twelve residential home sites.  Access to the property was anticipated to be along an unpaved road connecting the property to State Route 853.  According to the plat of the property, the unpaved road enters property owned by Norfolk Southern Railway Company ("Norfolk Southern") twice before connecting with Route 853.  At the first point, the road travels roughly 200 feet through Norfolk Southern's property, parallel to the train track.  At the second point, the unpaved road crosses approximately 100 feet of Norfolk Southern's property immediately before connecting with Route 853.

On June 16, 2000, Norfolk Southern locked a gate located where the unpaved road first crosses into its property. Lofton Ridge filed a bill of complaint and later an amended bill of complaint seeking a judgment that it has an easement over the unpaved road to Route 853. Lofton Ridge requested the trial court to enter an order "permanently enjoining or prohibiting Norfolk Southern and any person claiming under it from further interfering with Lofton Ridge's use and enjoyment of the [p]roperty and the dirt road to State Route 853."

Almost one year later, Lofton Ridge filed a motion for judgment against the attorneys and the surveyor involved in its purchase of the land, alleging constructive fraud and professional negligence against each for making false representations about access to the subject property that led Lofton Ridge to purchase and attempt to develop the property. The motion for judgment sought $400,000 in damages. Lofton Ridge's claims against its attorneys were dismissed with prejudice on December 19, 2002, following mediation between the parties. The terms of the agreement resulting from the mediation were subject to a confidentiality agreement and are not a part of this record.

After the motion for judgment against the attorneys was dismissed, Norfolk Southern filed a plea in bar in its case alleging that Lofton Ridge's claims against it were barred

under the doctrines of judicial estoppel and election of remedies. Following a two-day trial, the trial court did not decide the case on the merits; rather, it sustained Norfolk Southern's plea in bar and dismissed Lofton Ridge's amended bill of complaint with prejudice "based on the doctrine of judicial estoppel." Lofton Ridge appeals the adverse judgment of the trial court.

## II. Analysis

Lofton Ridge contends that the trial court erred in its application of the "doctrine of estoppel by inconsistent position" or "judicial estoppel." We agree.

The terms "doctrine of estoppel by inconsistent position" and "judicial estoppel" are often used interchangeably. See The Pittston Co. v. O'Hara, 191 Va. 886, 902, 126 S.E. 34, 43 (1951) (referring to "the doctrine of estoppel by inconsistent position"); Scales v. Lewis, 261 Va. 379, 383-84, 541 S.E.2d 899, 901-02 (2001) (discussing judicial estoppel and the doctrine of preclusion of inconsistent position); Black's Law Dictionary 571 (7th ed. 1999) (providing that judicial estoppel is also referred to as the doctrine of preclusion of inconsistent position). See also Wagner v. Professional Eng'rs, 354 F.3d 1036, 1044 (9th Cir. 2004) (explaining that "[j]udicial estoppel [is] sometimes also known as the doctrine of preclusion of inconsistent positions"). Essentially,

judicial estoppel forbids parties from "assum[ing] successive positions in the course of a suit, or series of suits, in reference to the same fact or state of facts, which are inconsistent with each other, or mutually contradictory." Burch v. Grace Street Bldg. Corp., 168 Va. 329, 340, 191 S.E. 672, 677 (1937); Rohanna v. Vazzana, 196 Va. 549, 553, 84 S.E.2d 440, 442 (1954); accord Nagle v. Syer, 150 Va. 508, 513, 143 S.E. 690, 692 (1928).  It derives from the prohibition in Scottish law against approbation and reprobation.  Id.  The doctrine is often confused with the concepts of res judicata and collateral estoppel.  However, the doctrine of judicial estoppel differs from both by the elements required for its invocation and its effect.

Res judicata provides that:

> When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered.  As to such matters a new suit on the same cause of action cannot be maintained between the same parties.

See, e.g., Kemp v. Miller, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936).

4

Collateral estoppel, on the other hand,

is the preclusive effect impacting in a subsequent action based upon a collateral and different cause of action. In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action.

Bates v. Devers, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974).

Unlike res judicata and collateral estoppel, the doctrine of judicial estoppel does not require a prior final judgment to be invoked. The doctrine of judicial estoppel may bar a party from taking inconsistent positions within a single action. See Berry v. Klinger, 225 Va. 201, 207, 300 S.E.2d 792, 795 (1983) (A party, "having contended in their pleadings and in their initial arguments at trial that the language in question was unambiguous, will not be allowed to take a contrary position thereafter."); McLaughlin v. Gholson, 210 Va. 498, 501, 171 S.E.2d 816, 818 (1970) (A party may not "change his position to the prejudice of his adversaries in contravention of [a] stipulation freely entered into."). Additionally, judicial estoppel may act as a bar to maintaining a new cause of action. C & O Ry. Co. v. Rison, 99 Va. 18, 31, 37 S.E. 320, 324 (1900) ("An unsuccessful plaintiff in a suit for the specific performance of a contract

5

was not permitted to maintain a suit to reform the contract and enforce it as reformed.").

The doctrine of judicial estoppel applies where the position taken is inconsistent relative "to the same fact or state of facts." Burch, 168 Va. at 340, 191 S.E. at 677. However, "[a] person who has taken an erroneous position on a question of law is ordinarily not estopped from later taking the correct position, provided his adversary has suffered no harm or prejudice by reason of the change." The Pittston Co., 191 Va. at 904, 63 S.E.2d at 43. Thus, in Spandorfer v. Cooper, 141 Va. 792, 799, 126 S.E. 558, 560 (1925), the Court said, "We fail to see how one who has stumbled into the wrong forum, and whose attorney had contended in such forum that in a matter of law he was in the right forum, should be precluded from instituting a new proceeding in the proper forum."

In this appeal, Lofton Ridge asserts numerous reasons in support of its assignment of error that the trial court improperly applied the doctrine of judicial estoppel. Lofton Ridge maintains that: a) the doctrine of judicial estoppel does not apply where the parties to the proceedings are not the same; b) the allegations of the amended bill of complaint and the motion for judgment in these proceedings are not inconsistent; c) the doctrine of judicial estoppel does not apply when "the allegedly inconsistent position was not the

6

position first adopted or previously assumed;" d) no evidence was presented by Norfolk Southern that it relied to its prejudice upon the allegedly inconsistent position taken by Lofton Ridge; and, e) policy reasons for applying the doctrine of judicial estoppel are absent from this case. We need only resolve Lofton Ridge's first assertion to decide this appeal.

In The Pittston Co., we held that "[t]he doctrine of estoppel by inconsistent position [i.e., judicial estoppel] does not apply to a prior proceeding in which the parties are not the same." 191 Va. at 902, 126 S.E. at 43. See also Ferebee v. Hungate, 192 Va. 32, 35-36, 63 S.E.2d 761, 764 (1951). An exception to this requirement may exist where the liability of one defendant is derivative of the liability of another; for example, "where the relation between defendants in the two suits has been that of principal and agent, master and servant, or indemnitor and indemnitee." Town of Waynesboro v. Wiseman, 163 Va. 778, 782-83, 177 S.E. 224, 226 (1934).

Norfolk Southern relies on Canada v. Beasley & Bros., 132 Va. 166, 173-74, 111 S.E. 251, 254 (1922), in its argument that Lofton Ridge's claim should be barred. In Canada, the creditor of a husband sought to reach property of the husband protected by a homestead deed. The creditor argued that an earlier conveyance of the protected property from the wife to

the husband was invalid because the wife was also in debt to the creditor.  Id. at 173, 111 S.E. at 254.  We held that the wife was not a debtor, which "destroy[ed] the foundation of the suit."  Id. at 174, 111 S.E. at 254.

Further, we explained that the creditor, during the earlier bankruptcy proceeding against the husband, "with full knowledge of the facts, elected to treat the entire property . . . as belonging to [the husband] and to assert its debt against him alone."  Id.  We stated that the "creditor cannot now assume a different attitude, and claim that the property belonged to Mrs. Canada, and the debt was now due from her."  Id.  This alternative justification for the ruling was unnecessary to the holding.  As such, it is dicta.  To the extent that Canada suggests that judicial estoppel applies in cases where the parties are not the same and do not have a derivative liability relationship such as those listed in Town of Waynesboro, it is overruled.  While an assertion of fact in a judicial proceeding may be introduced, subject to certain conditions, as a party admission in a subsequent proceeding, the doctrine of judicial estoppel will not act as a preclusive bar to the subsequent proceeding unless the parties are the same.

In this case, Norfolk Southern and Lofton Ridge's attorneys are not related parties.  Under the rule stated in

*The Pittston Co.*, Norfolk Southern may not invoke the doctrine of judicial estoppel against Lofton Ridge.

## III. Conclusion

For the reasons stated, we hold that the trial court erred in granting Norfolk Southern's plea in bar and dismissing Lofton Ridge's amended bill of complaint.  We will remand the case to the trial court for further proceedings consistent with this opinion.

<u>Reversed and remanded.</u>