UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Chafin and Senior Judge Annunziata

KIM C. BULLOCK

v.       Record No. 1426-13-2

CHERYL CLEGG BULLOCK

MEMORANDUM OPINION[*]
PER CURIAM
NOVEMBER 12, 2013

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

(Kim C. Bullock, *pro se*, on brief).

No brief for appellee.


Kim C. Bullock (father) appeals an order dismissing a show cause against Cheryl Clegg

Bullock (mother) based on the doctrine of *res judicata*.  Father lists eleven assignments of error, the

first ten of which refer to prior court rulings and allege that the trial court erred in applying *res

judicata* to this case.[1]  Upon reviewing the record and opening brief, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the decision of the trial court.  See Rule

5A:27.

The lower courts previously established the amount of father's support arrearages.  Father

subsequently sought to receive credits in order to reduce the amount of his arrears.  On June 1,

2011, the Henrico County Circuit Court denied father's request to give him credit for payments he

allegedly paid mother because father's "arrearages and alleged credits have been litigated in both

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Appellant's eleventh assignment of error relates to a finding of contempt by the Henrico Juvenile and Domestic Relations District Court on September 5, 2013.  This Court does not have jurisdiction to consider this assignment of error, since it does not refer to a circuit court's ruling.  See Code § 17.1-405.

the Henrico Circuit Court and the Henrico Juvenile & Domestic Relations District Court." The circuit court further held that the "credits he is attempting to receive predate final court orders establishing arrearages."

On December 29, 2011, father filed a motion for a show cause summons and alleged that he had not received credit for support payments. On May 29, 2012, the Henrico Juvenile and Domestic Relations District Court dismissed father's petition pursuant to *res judicata*. Father appealed to the circuit court.

On March 12, 2013, the circuit court entered an order dismissing father's show cause against mother based on *res judicata* and further held that "the Henrico Juvenile and Domestic Relations District Court has previously set arrearages and determined the appropriate amount of credit to be given to [father]." This appeal followed.

"*Res judicata* is a judicially created doctrine founded upon the 'considerations of public policy which favor certainty in the establishment of legal relations, demand an end to litigation, and seek to prevent harassment of parties.'" Commonwealth ex rel. Gray v. Johnson, 7 Va. App. 614, 617-18, 376 S.E.2d 787, 788 (1989) (quoting Bates v. Devers, 214 Va. 667, 670, 202 S.E.2d 917, 920 (1974)). The doctrine of *res judicata* provides as follows:

> "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings, or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties."

Lofton Ridge, LLC v. Norfolk S. Rwy. Co., 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004) (quoting Kemp v. Miller, 166 Va. 661, 674-75, 186 S.E. 99, 103-04 (1936)).

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Rule 1:6(a); see also Raley v. Haider, 286 Va. 164, 747 S.E.2d 812 (2013).

The trial court did not err in applying *res judicata* to this case. In 2011, father appeared before the circuit court and argued that the court should apply certain credits to the amount of his arrears. The circuit court denied his request based on *res judicata*. Father did not appeal that decision; instead, he filed another show cause summons in the juvenile and domestic relations district court. Father and mother are the same parties in this case and the previous cases. The issues and facts have not changed, as father continues to make the same argument that he should receive credits toward his arrears. The lower courts have adjudicated arrears, and father may not seek credits toward those previously adjudicated arrears.

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.