COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


GARY LEE PANCIONE

                                         MEMORANDUM OPINION[*] BY
v.      Record No. 0069-04-4             JUDGE JAMES W. HALEY, JR.
                                              MAY 31, 2005
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John R. Cullen, Judge

        Christopher T. Whelan (Howard, Morrison & Howard, on brief),
        for appellant.

        Paul C. Galanides, Assistant Attorney General (Jerry W. Kilgore,
        Attorney General, on brief), for appellee.


I.

        The trial court found Gary Lee Pancione (appellant) guilty of driving while under the

influence of alcohol (DUI), a second offense within the previous five to ten years.  See Code

§§ 18.2-266 and 18.2-270.  On appeal, appellant's sole contention is that the trial court erred in

denying his motion to suppress because his arrest was unlawful.  Finding no error in the trial

court's decision, we affirm appellant's conviction.

II.

        In McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1991)

(*en banc*), this Court held:

                In reviewing a trial court's ruling on a motion to suppress, "[t]he
                burden is upon [the defendant] to show that th[e] ruling, when the
                evidence is considered most favorably to the Commonwealth,

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

constituted reversible error." <u>Fore v. Commonwealth</u>, 220 Va. 1007, 1010, 265 S.E.2d 729, 731, *cert. denied*, 449 U.S. 1017, 101 S. Ct. 579, 66 L.Ed.2d 477 (1980).

Succinctly stated, the evidence proved that at about 4:00 p.m. on July 9, 2003, Deputy Chris Myers of the Fauquier County Sheriff's Office was off duty and traveling home in an unmarked police vehicle. While in Culpeper County, and outside his extended jurisdictional authority authorized by Code § 19.2-249,[1] Myers observed appellant driving in a continuing reckless manner and followed him for about two miles. Appellant turned right onto a road and initially stopped his vehicle perpendicular to the flow of traffic. When Myers followed, appellant moved his vehicle to the side of the road. Although Myers had not signaled appellant to stop, appellant exited his vehicle and looked at Myers's vehicle. Myers approached him and smelled a strong odor of alcohol. Myers told the appellant to wait in his car until Culpeper County deputies arrived. Within fifteen minutes those deputies arrived, administered field sobriety tests, and arrested the appellant for drunk driving.

Pancione moved to suppress the evidence pursuant to the Fourth and Fourteenth Amendments to the United States Constitution because of "the illegal arrest by Deputy Myers." The trial judge denied the motion.

---

[1] Appellant cited Code § 19.2-250(A) in the trial court proceedings and on appeal. Code § 19.2-250(A) does not apply to situations analyzing jurisdiction between two counties; that section states the jurisdiction of corporate authorities (i.e., a town or city). However, Code § 19.2-249 states:

> An offense committed on the boundary of two counties, or on the boundary of two cities, or on the boundary of a county and city, or within 300 yards thereof, may be alleged to have been committed, and may be prosecuted and punished, in either county, in either city, or the county or city, and any sheriff, deputy sheriff, or other police officer shall have jurisdiction to make arrests and preserve the peace for a like distance on either side of the boundary line between such counties, such cities, or such county and city.

III.

In Hudson v. Commonwealth, 266 Va. 371, 379, 585 S.E.2d 583, 588 (2003), the Virginia Supreme Court recognized the authority of a police officer beyond his jurisdictional boundary, as a private citizen, to "arrest another for a breach of the peace committed in his presence." In the instant case the trial court agreed that Deputy Myers was beyond the boundary of his jurisdiction, but found the appellant's driving so egregious as to constitute a breach of the peace, thus authorizing Myers, as a private citizen, to detain the appellant.

IV.

As noted above, Pancione based his motion to suppress upon the Fourth and Fourteenth Amendments to the United States Constitution. On appeal, he concedes that those protections, and the exclusionary rule corollary, apply only to governmental action and not to actions by a private citizen in a private capacity. See Burdeau v. McDowell, 256 U.S. 465, 475 (1921) (the Fourth Amendment's "origins and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies"). See also Craft v. Commonwealth, 221 Va. 258, 263, 269 S.E.2d 797, 800 (1980).

In short, Pancione may not take inconsistent positions; he may not "approbate and reprobate."[2] He cannot argue Deputy Myers was not an authorized governmental agent when he detained Pancione, but was an authorized governmental agent for purposes of the constitutional

---

[2] In Nagler v. Syer, 150 Va. 508, 513, 143 S.E. 690, 694 (1928), the Virginia Supreme Court stated: "In Arwood v. Hill's Adm'r., 135 Va. 235, 117 S.E. 603 [(1923)], this is said: 'A party cannot . . . in the course of litigation . . . occupy inconsistent positions. Upon that rule election is founded; a man shall not be allowed, in the language of the Scotch law, "to approbate and reprobate."'" That rule is likewise applicable to cases involving the criminal law. See Clark v. Commonwealth, 220 Va. 201, 251, 257 S.E.2d 784, 792 (2002); Lamkins v. Commonwealth, 44 Va. App. 709, 715, 607 S.E.2d 722, 725 (2005).

challenge in his motion to suppress.  For this reason, the trial court properly overruled the motion to suppress.

Affirmed.