**VIRGINIA**:

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday, the 10th day of June, 2004.

James Harvey, No. 177879,                                    Petitioner,

 against          Record No. 022291

Warden of the Coffeewood
 Correctional Center,                                    Respondent.


Upon a Petition for a Writ of Habeas Corpus

James Harvey was convicted of rape and sodomy in the Circuit Court of Fairfax County and by final order dated April 30, 1990, was sentenced to serve 25 years in the penitentiary for the rape and 15 years for the sodomy.  In January 2002, after exhausting his opportunities for state and federal direct and collateral review of his convictions, Harvey filed a motion in the Circuit Court of Fairfax County, pursuant to Code § 19.2-327.1, seeking post-trial scientific analysis of certain evidence.  On March 1, 2002, the circuit court ordered the Division of Forensic Science to test the DNA from the human biological evidence obtained from Harvey, another co-defendant, and the victim.  On May 15, 2002, after testing was completed, the Division of Forensic Science filed a certificate of analysis stating that Harvey could not be eliminated as a possible contributor to the sperm fractions found on the victim.

On September 24, 2002, Harvey filed a petition for a writ of habeas corpus in this Court, challenging the validity of the certificate of analysis and related test results.  We conclude that this Court does not have jurisdiction to consider the petition.  See Gaston v. Commonwealth, 266 Va. 175, 585 S.E.2d 597 (2003).

Subsection G of Code § 19.2-327.1 expressly states, in pertinent part, that "[a]n action under this section . . . shall not form the basis for relief in any habeas corpus proceeding or any other appeal."  When a statute is clear and unambiguous, a court must consider the words used in the statute to ascertain its meaning and intent.  <u>Gaston</u>, 266 Va. at 176, 585 S.E.2d at 596; <u>Yamaha Motor Corp. v. Quillian</u>, 264 Va. 656, 665, 571 S.E.2d 122, 126 (2002); <u>Harrison & Bates, Inc. v. Featherstone Assocs.</u>, 253 Va. 364, 368, 484 S.E.2d 883, 885 (1997).  The language used in Code § 19.2-327.1(G) is clear and unambiguous and means that circuit court proceedings under Code § 19.2-327.1 are not subject to review in this Court, whether by direct appeal or a petition for a writ of habeas corpus.  Consequently, Harvey's petition is dismissed for lack of jurisdiction, the rule is discharged, and the respondent shall recover of the petitioner his costs expended about his defense herein.

This order shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia H. Krueger, Clerk

2