Tuesday                5th

October, 2004.

In Re:  Howard Frank Neal,                                                                    Petitioner.

Record No. 2043-04-3

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys

Howard Frank Neal petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia, and he contends he is innocent of the offenses of statutory burglary and attempted robbery.  He was convicted in the Circuit Court of the City of Roanoke on January 11, 1993.

As one basis for this petition, Neal states that the evidence produced at trial was insufficient to support his convictions and double jeopardy principles barred his conviction of both offenses.  However, Chapter 19.3 allows review only based on previously unknown or unavailable non-biological *evidence*. Evidence is "[s]omething (including testimony, documents and tangible objects) that tends to prove or disprove the existence of an alleged fact . . . ."  Black's Law Dictionary 595 (8th ed. 2004).  A fact is "[a]n actual or alleged event or circumstance, *as distinguished from its legal effect, or interpretation.*" Id. at 628 (emphasis supplied).  The legal arguments presently advanced by Neal, which were capable of being raised on direct appeal of his convictions, are not "evidence" entitling him to relief under Chapter 19.3.

Neal also asserts he is entitled to relief based upon a certificate of analysis dated September 21, 1992 and relating to "hairs and/or fibers."  To obtain relief under Code § 19.2-327.11(A), the evidence supporting the allegation of innocence must have been "previously unknown or unavailable to the

petitioner or his trial attorney of record at the time the conviction became final in the circuit court."

Code § 19.2-327.11(A)(iv). The certificate of analysis predated Neal's convictions by more than three

months and was introduced into evidence against him at trial. Accordingly, the certificate of analysis

was not evidence previously unknown or unavailable to Neal or his attorney at the time his convictions

became final.[1] Therefore, Neal is not eligible for the writ, and we summarily dismiss the petition.

Because the issues addressed herein are of first impression and potential litigants and members

of the bar may benefit from the directives herein, we direct the Clerk to publish this order.

A Copy,

Teste:

Clerk

---

[1]Ruling upon Neal's motion for DNA testing of the hair samples collected at the crime scene, the Circuit Court of the City of Roanoke observed that this Court, in a 1994 order denying Neal's petition for appeal, erroneously stated the Commonwealth had proved a hair from the victim's bed sheet matched a hair sample from Neal. This observation, in itself, is not "evidence" supporting Neal's claim of innocence as contemplated by Code § 19.2-327.11.

In that same proceeding, the circuit court considered whether the evidence was sufficient to sustain Neal's convictions in the absence of proof that Neal's hair was found on the victim's bed sheet. Citing the reliability of the victim's identification of Neal, the circumstantial evidence excluding all reasonable hypotheses of Neal's innocence, and the trial judge's indication she gave no weight to the certificate of analysis, the circuit court concluded DNA testing of the hair samples would not prove Neal's actual innocence. We agree with this finding. Thus, the certificate of analysis did not affect the outcome of Neal's trial, and provides no proper basis for the award of a writ of actual innocence. See Code § 19.2-327.11(A)(vii)(to qualify for relief, the previously unknown or unavailable evidence, "when considered with all the other evidence in the current record, will prove that no rational trier of fact could have found proof of guilt beyond a reasonable doubt").

-2-