Tuesday                              16th

November, 2004.

In Re:  Edward Ralph Adams,                                         Petitioner.

Record No. 2422-04-3

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys

Edward Ralph Adams petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia.  In support of his request for such writ Adams contends he is actually innocent of the grounds for which his probation was revoked, namely a failed drug test.  Adams also claims he is actually innocent of the underlying convictions that resulted in being placed on supervised probation.  Adams further asserts that he was denied his right to appeal due to his attorney's failure to file a timely appeal.

Code § 19.2-327.11 states that

> [t]he petititoner shall allege categorically and with specificity . . . (iii) an exact description of the *previously unknown or unavailable evidence* supporting the allegation of innocence; (iv) that such evidence was *previously unknown or unavailable* to the petitioner or his trial attorney of record at the time the conviction became final in the circuit court; (v) the date the *previously unknown or unavailable evidence* became known or available to petitioner, and the circumstances under which it was discovered; (vi) that the *previously unknown or unavailable evidence* is such as could not, by the exercise of diligence, have been discovered or obtained before the expiration of 21 days following entry of the final order of conviction by the court; (vii) the *previously unknown or unavailable* evidence is material and when considered with all of the other evidence in the current record, will prove that no rational trier of fact could have found

proof of guilt beyond a reasonable doubt; (viii) the *previously unknown or unavailable evidence* is not merely cumulative, corroborative or collateral.

(Emphases added.) Thus, the writ of actual innocence can only be issued based on previously unknown or unavailable evidence that could not be discovered or obtained prior to the trial court's loss of jurisdiction.

Adams does not claim to have discovered any new evidence that demonstrates he is actually innocent of the crimes for which he was convicted and given suspended sentences. Nor does he make such a claim with regard to the grounds for revoking his suspended sentences. In his petition, Adams claims evidence became known or available in August 2004, but does not proffer what that evidence is. The attachment to his petition outlines the history of his case and simply asserts that he was innocent of the underlying offenses and of failing a drug test while on probation, which resulted in revocation of his suspended sentences. Adams also alleges his trial attorney failed to perfect his appeal. However, Adams does not indicate that any new evidence has come to light to support the claims of innocence. The remedy of the writ of actual innocence is statutorily limited to the late discovery of previously unknown or unavailable evidence that could not have been gained through diligent efforts at the time of trial and that would cause no rational trier of fact to find the petitioner guilty had it been available.

Accordingly, because the petitioner has proffered no evidence that was previously unknown or unavailable, as required by Code § 19.2-327.11, this petition is summarily dismissed.

Because the issue addressed herein is of first impression and potential litigants and members of the bar may benefit from the directives herein, the clerk is directed to publish this order.

A Copy,

Teste:

Clerk

-2-