Tuesday                    14th

December, 2004.

In Re:  Lynard E. Barron,                                                    Petitioner.

Record No. 1916-04-2

Upon a Petition for a Writ of Actual Innocence

Before Chief Judge Fitzpatrick, Judges Elder and Humphreys

Lynard E. Barron petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of

Title 19.2 of the Code of Virginia.  He contends he is innocent of burglary, attempted robbery, and the

use of a firearm in the commission of attempted robbery, of which he was convicted and sentenced in

the Circuit Court of Henrico County on June 25, 1997.[1]  Pursuant to Code § 19.2-327.11(C), this Court

ordered the Attorney General to file a response to the petition.  This Court granted petitioner's request

for appointment of counsel and permitted appointed counsel to file a reply to the Attorney General's

response to the petition.

Upon consideration of the petition, the response of the Attorney General, the reply filed by

petitioner's counsel, and the records of prior proceedings in the case, this Court dismisses the petition

pursuant to Code § 19.2-327.13 for the following reasons:

Facts Adduced at Trial

The Commonwealth proved that around midnight on August 3, 1995, Marquis Owens was

visiting Kevin Wood at Wood's apartment.  Owens testified he heard a knock at the door of the

---

[1] Petitioner also contends he is innocent of two crimes of which he was acquitted, malicious
wounding and using a firearm in the commission of malicious wounding.  Because petitioner was not
convicted of these offenses, we need not consider his guilt or innocence of them.

apartment, but no one was there when he opened the door. Shortly thereafter, someone kicked open the door. Owens heard gunfire. Wood returned gunfire with a nine millimeter pistol. Wood suffered injury to his left leg, groin and abdomen. Regina Halstead, Wood's neighbor, returned home from work about the time of the attack. She heard gunshots at Wood's apartment and then saw a man run away. Police officers found petitioner's shotgun outside Wood's apartment.

Norma Lane, a nurse in the emergency department of Richmond Memorial Hospital, testified that petitioner arrived at the hospital at 12:15 a.m. on August 3, 1995. Petitioner received treatment for a gunshot wound to his leg. The hospital was located 2.5 miles from Wood's apartment.

Wood was killed in October of 1995. While investigating the homicide, Investigator Jim Dorton spoke to petitioner. Dorton testified that on December 5, 1995, petitioner said he and an accomplice went to Wood's apartment to rob Wood. Petitioner said his gun discharged accidentally, and he and the accomplice fled the scene.

Testifying in his own behalf, petitioner denied any involvement in the August 3, 1995 offenses against Wood.

### Emergency Room Report

In support of his petition for a writ of actual innocence, petitioner contends he obtained in 2003 a copy of a report from the emergency department of Richmond Memorial Hospital.[2] The report indicates petitioner sought treatment at the hospital on August 3, 1995 at 12:15 a.m. for a gunshot wound to the leg. According to the report, the injury had occurred about thirty minutes before petitioner appeared at the emergency room on a "street near home."

To be entitled to the issuance of a writ of actual innocence pursuant to Code § 19.2-327.13, the petitioner must prove by clear and convincing evidence that "the previously unknown or unavailable

---

[2] For purposes of this case, we assume, without deciding, that petitioner's contention he obtained the hospital report at some point in 2003 was sufficient to satisfy Code § 19.2-327.11(A)(v), which requires a petitioner to state "the date the previously unknown or unavailable evidence became known or available to the petitioner."

evidence is not merely cumulative, corroborative or collateral." Code § 19.2-327.11(A)(viii). The pertinent information contained in the hospital report was cumulative of the Commonwealth's evidence and merely corroborated Lane's testimony. The report had no tendency to establish an alibi for petitioner at the time of the offenses or otherwise prove petitioner innocent of the charged offenses. Therefore, petitioner is not eligible for the writ based upon this claim.

### Dorton's Letter

Petitioner also produces a copy of a handwritten note, dated October 8, 1998, purportedly written to him by Dorton. The note states Dorton had spoken with the prosecutor about "charging AD" and the prosecutor did not believe he "had a good enough case on AD." Dorton advised petitioner to contact the prosecutor to explain petitioner's "position on this." By affidavit, petitioner contends "the Commonwealth's knowledge of someone else's guilt by the name 'A.D.' and Det. Dorton's attempt to puruse [sic] the real culprit of the offenses [he was] . . . unjustly convicted of cast real doubt" on petitioner's convictions.

To be entitled to relief under Code § 19.2-327.13, a petitioner must prove by clear and convincing evidence that the previously unknown or unavailable evidence "is material and when considered with all the other evidence in the current record, will prove that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Code § 19.2-327.11(A)(vii). Dorton's note and petitioner's accompanying affidavit fail to meet this standard, as they in no way affect the sufficiency of the evidence to support petitioner's convictions.[3] Dorton's note indicates only that petitioner, after conviction and incarceration, attempted to blame "AD" for the offenses, but the police responded they did not have sufficient evidence to charge "AD" with any level of participation in the incident. While perhaps conveying suspicion on the part of the police that "AD" was involved in the crimes against

---

[3] On direct appeal, both this Court and the Supreme Court of Virginia rejected petitioner's challenges to the sufficiency of the evidence to support his convictions.

-3-

Wood, the note does nothing to establish petitioner's innocence. Thus, petitioner is not eligible for the writ on this basis.

We deny petitioner's request to remand to the circuit court for an evidentiary hearing as the pleadings and records before us do not support petitioner's claim for relief.

Because the issues addressed herein are of first impression and potential litigants and members of the bar may benefit from the directives herein, we direct the Clerk to publish this order.

This Court's records reflect that Randall G. Johnson, Jr., Esquire, is counsel of record for petitioner in this matter. The Circuit Court of Henrico County shall allow the said court-appointed counsel the fee set forth below and counsel's necessary direct out-of-pocket expenses. The Commonwealth shall recover of petitioner the costs in this Court. The Attorney General shall recover of the petitioner his costs expended herein.

Costs due the Commonwealth by petitioner in
  Court of Appeals of Virginia:

      Attorney's fee      $400.00  plus costs and expenses

  Attorney General's costs:

      Attorney's fees:    $50.00


                              A Copy,

                                Teste:

                                        Clerk