Antonio V. NUÑEZ NUÑEZ, et al., Plaintiffs,

v.

William VAZQUEZ IRIZARRY, et al., Defendants

No. CIV. 04–2275JP.

United States District Court, D. Puerto Rico.

April 5, 2005.

202

Antonio Núñez–Núñez, San Juan, PR, Pro Se.

José Enrico Valenzuela–Alvarado, Esq., Department of Justice, Ineabelle Santiago–Camacho, Esq., Reichard & Escalera, San Juan, PR, for Defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

### I. INTRODUCTION

Before the Court is co-Defendant William Vázquez Irizarry and co-Defendants Jack Allison and the Puerto Rico Highway Authority's unopposed motions to dismiss (**docket Nos. 15 and 16**). Although the Complaint is no model of clarity, the Court understands Plaintiffs to be bringing this case before the Court pursuant to 42 U.S.C. § 1983, alleging damages as a result of the construction of Puerto Rico Highway Route 66. Without any supporting case law or any sort of developed argument, Plaintiffs generally allege they suffered damages in the amount of Eight Million Dollars ($8,000,000.00).

Defendants in this case are William Vázquez Irizarry, former Secretary of Justice for the Commonwealth of Puerto

Rico, Engineer Jack Allison, Executive Director of the Highway Authority, the Puerto Rico Highway Authority, the Transportation and Public Works Department, the Commonwealth of Puerto Rico, and several unknown insurance companies and Defendants. Defendants Vázquez Irizarry, Allison, and the Puerto Rico Highway Authority now pray this Court to dismiss the complaint on a variety of grounds. Finding it can dismiss this case solely on the basis of *res judicata,* and for the foregoing reasons, the Court hereby **GRANTS** Defendants' motion to dismiss.

## II. PROCEDURAL BACKGROUND

On September 28, 1998, the Puerto Rico Highway Authority (hereinafter the "PRHA") commenced the process of expropriating Plaintiffs' property before the Puerto Rico Court of First Instance, San Juan Part. On October 28, 1999, Núñez filed a Complaint in tort against the PRHA, alleging damages as a result of the allegedly illegal condemnation procedure carried out by the PRHA. On October 18, 2001, during a Status Conference, and with Plaintiff's consent the Court of First Instance consolidated the tort action with the expropriation case. Through a Judgment dated April 23, 2003, the Court of First Instance found that the eminent domain proceeding had been effected according to the law, and that no due process violations were evident, and dismissed the case.

On June 5, 2003, Plaintiff Antonio Núñez Núñez filed an appeal before the Puerto Rico Circuit Court of Appeals, which was dismissed through a Resolution dated July 22, 2003. On August 15, 2003, Plaintiff filed a motion for reconsideration before the Puerto Rico Circuit Court of Appeals, which was denied through a Resolution dated August 21, 2003. On September 29, 2003, Plaintiff filed a Writ of Certiorari to the Supreme Court, which was also denied. Finally, on December 2, 2003, Plaintiff filed a Motion for Reconsideration from

said Order, which was also denied on January 9, 2004. On November 16, 2004, Plaintiff filed the instant case.

## III. STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Fed. Bank,* 948 F.2d 41 (1st Cir.1991). The Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996) (citations omitted); *see also Berrios v. Bristol Myers Squibb Caribbean Corp.,* 51 F.Supp.2d 61 (D.Puerto Rico 1999) (Pieras, J.). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." *Romero–Barcelo v. Hernandez–Agosto,* 75 F.3d 23, 28 n. 2 (1st Cir.1996) (*quoting Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988)). The Court, however, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. *Abbott, III v. United States,* 144 F.3d 1, 2 (1st Cir.1998) (citing *Shaw v. Digital Equip. Corp.,* 82 F.3d 1194, 1216 (1st Cir.1996)). It is with this framework in mind that this Court will assess the motion before it.

## IV. ANALYSIS

The doctrine of *res judicata*—meaning, literally, that the thing has been

decided—binds parties from litigating or re-litigating any issue or claim that was adjudicated in a prior case. *Res judicata* issues arise because of the commonly accepted practice in both federal and state judicial courts of concurrent jurisdiction; that is, when similar claims based on a similar set of facts and involving the same parties are allowed to proceed simultaneously in different courts. *See Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d, 483 (1976). When jurisdiction is proper in the federal district court, it is only in exceptional circumstances that the court can abstain or dismiss the action in deference to an identical or similar state court proceeding. *Id.* at 1244. Dismissal by the court of cases properly before it is justified only in those situations where an "important countervailing interest" would be served. *County of Allegheny v. Frank Mashuda Co.,* 360 U.S. 185, 79 S.Ct. 1060, 3 L.Ed.2d 1163 (1959).

Under *res judicata,* when identical causes of action are filed, the first judgment entered generally bars adjudication of claims in the second action without regard to the order in which the actions were filed, and regardless of which forum it was filed in. 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction,* § 4404 (1981). The doctrine of *res judicata,* now called claim preclusion, forecloses litigation of all matters which have been litigated or might have been litigated in an earlier case. *Id.* The rule of collateral estoppel, now termed issue preclusion, precludes re-litigation of issues actually adjudicated. *Id.* at § 4402.

The landmark case of *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) served to bolster the constitutional principle that all federal courts must give preclusive effect to a state court judgment when the courts of the state from which the judgment was rendered would do so. It is a well established principle that judicial judgments shall be given the "same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." 28 U.S.C.A. § 1738 (2001).

■■■ It is also settled law that the applicable rules regarding collateral estoppel are not "federally created, but are those of the state from which the judgment is taken". *Baez Cruz v. Municipality of Comerio,* 140 F.3d 24, 29 (1st Cir.1998) (citing *Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 481–82, 102 S.Ct. 1883, 1897–98, 72 L.Ed.2d 262 (1982)); *see also Montalvo–Huertas v. Rivera–Cruz,* 885 F.2d 971, 974 (1st Cir.1989); and *Cruz v. Melecio,* 204 F.3d 14, 18–19 (1st Cir.2000). Therefore, if Puerto Rico courts would give preclusive effect to the judgment of a state court, then this Court must also give preclusive effect to said judgment. *Futura Development Corp. v. Centex Corp.,* 761 F.2d 33 (1st Cir.1985). In Puerto Rico, judgments can be given preclusive effect if they are final and on the merits. *See Millan v. Caribe Motors Corp.,* 1961 WL 13796, 83 D.P.R. 494 (P.R.1961); *Manrigue v. Aguayo,* 37 P.R. Dec. 314, 320 (P.R.1927); *Stitzer v. University of Puerto Rico,* 617 F.Supp. 1246, 1254 (D.Puerto Rico 1985).

### A. Finality for the Application of Preclusion

As previously stated, on October 28, 1999, Plaintiff filed a Complaint in the Commonwealth of Puerto Rico Court of First Instance, San Juan Part, alleging unlawful expropriation practices on behalf of the Highway Authority and damages resulting therefrom. On January 9, 2004, the Supreme Court of Puerto Rico ren-

dered a Resolution where it denied Plaintiff's Motion for Reconsideration in said case.

In most states, the judgment of any lower court is considered final immediately and thus, immediately appealable. *See* 18 Wright, Miller & Cooper, *Id.* at § 4433. However, because the federal court is bound by state law when the judgment in question was rendered by a state court, *Allen v. McCurry*, 449 U.S. at 96, 101 S.Ct. 411, in some jurisdictions, the federal court sitting in that jurisdiction will honor the state rule that no preclusive effect will be given to the judgment until it becomes final on appeal. *See Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir.1985). This applies squarely to Puerto Rico.

█ The idea that a judgment is not final until fully resolved on appeal is reinforced by the Puerto Rico Rules of Civil Procedure. Unlike the Federal Rules of Civil Procedure, which presume the finality of a trial court judgment unless a party files a motion to stay the effect of the judgment, *See* Fed.R.Civ.P. 62, Puerto Rico Rule of Civil Procedure 53.9 states that a judgment of a lower court is automatically stayed once it is appealed. "Once an appeal or petition for review is filed, all further proceedings in the lower court regarding the judgment appealed from ... shall be stayed." 32 P.R. Laws Ann. Ap. III R. 53.9 (2000). Therefore, a judgment is final during the pendency and until the resolution (and reconsideration) of an appeal has been dealt with by the court.

As applied to the case at bar, the Supreme Court issued its Resolution regarding the Commonwealth case on January 9, 2004, wherein it denied Plaintiff's motion for reconsideration. Therefore, under the law of Puerto Rico, the issue is final and consequently the Court is bound by the law of Puerto Rico in applying the *res judicata* doctrine.

31 P. R. Laws Ann. § 3343 (2000), the *res judicata* statute, provides:

> Only a judgment obtained in a suit for revision shall be effective against the presumption of the truth of the *res judicata*.
>
> In order that the presumption of the *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

Although the statute itself only discusses *res judicata*, now more commonly known as claim preclusion, it has also been interpreted to include what was previously known as *collateral estoppel*, which courts now term issue preclusion. *Baez–Cruz*, 140 F.3d at 29; *Texaco Puerto Rico, Inc. v. Medina*, 834 F.2d 242 (1st Cir.1987) (citing *A & P Gen. Contractors v. Asociación Cana, Inc.*, 10 P.R. Ofic. Trans. 987, 995–96 (P.R.1981)).

Under Puerto Rico law, it has been established that the party asserting claim preclusion or *res judicata* must establish: (1) the existence of a prior judgment on the merits which is "final and unappealable," *De Jesus v. Guerra Guerra*, 1976 WL 40114, 105 D.P.R. 207 (P.R.1976); (2) the perfect identity of thing or cause, and (3) the perfect identity of parties and the capacity in which they acted. *Boateng v. InterAmerican University, Inc.*, 210 F.3d 56 (1st Cir.2000). Defendants allege that all these factors are present in the case at bar, that *res judicata* therefore applies to the Commonwealth court judgment, and that consequently, this action must be dismissed.

### B. *Finality for the Application of Res Judicata*

As is well known, the Puerto Rico Supreme Court has held that in order to be

given *res judicata* effect, a judgment must be "final y firme", or "final and unappealable." *Rivera v. Insurance Co. of Puerto Rico,* 1974 WL 36773, 103 D.P.R. 91 (P.R. 1974); *Sucesion De Pablo Zayas Berrios v. Justo Berrios,* 1964 WL 14300, 90 P.R. Dec. 551 (P.R.1964). The analysis in this instance is the same as section "a" above, *Finality for the application of preclusion.* Therefore, the Resolution rendered by the Supreme Court of Puerto Rico is also final and unappealable for *res judicata* purposes.

### C.  *Identity of Thing or Cause*

■ It is evident, from the Judgment rendered by the Court of First Instance, San Juan Part, that the cause, facts and claims upon which Plaintiff based his Complaint in the Commonwealth court are, in fact, the same as the cause and claims stated in the case before this Court. Plaintiff's cause of action in the Commonwealth forum centered on allegations of due process violations and unlawful taking. Plaintiff alleged that: a) the expropriation proceeding was made illegally and without his consent; b) that he was not allowed to properly respond to the petition for expropriation; c) his property was demolished without affording him the right to answer the expropriation petition; d) his personal belongings were put into storage and were subsequently sold at auction; e) he was unjustly compensated for his property and f) he was not able to testify at the hearing since he had no legal counsel. As a result thereof, he alleges he suffered damages. A careful perusal of the Complaint filed in this Court evidences that both causes of action are predicated on the same set of facts: damages resulting from the alleged unlawful expropriation of Plaintiffs' residence and the allegedly unjust value tendered by the Government for it.

Furthermore, the Commonwealth court rendered its Judgment, wherein it held that: the expropriation proceeding was effected pursuant to the law; that Plaintiff was duly notified thereof and was paid just compensation for his property; that demolition was properly and timely effected after the Highway Authority was already owner of the lot; that Plaintiff did not timely challenge the compensation received during the expropriation lawsuit, and held that Plaintiff lacked a cause of action regarding both the expropriation issue and the damages issue. It is evident to the Court that these are exactly the same claims present before it in this lawsuit. Therefore, the required identity of object and cause between the Commonwealth case and the suit herein is present for *res judicata* purposes.

### D.  *Identity of Parties*

■ Regarding this last requirement, it is clear that the Commonwealth case did not include co-Defendants Jack Allison, the Puerto Rico Department of Transportation and Public Works, the Commonwealth of Puerto Rico and William Vázquez Irizarry. However, it has been well established that Puerto Rico's mutuality requirement is not a strict one; rather, that some courts have liberally interpreted said requirement. *See Futura Dev. Corp. v. Centex Corp.,* 761 F.2d 33 (1st Cir.1985).

Defendants aver that the aforementioned Defendants, which were not a part of the Commonwealth case, hold the same interest as the PRHA, and therefore, that privity exists. *See, e.g., Aerojet–General Corp. v. Askew,* 511 F.2d 710, 719 (5th Cir.) (holding that, under federal law, "a person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative"), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975). The Court agrees that these Defendants' interests are the same as PRHA. Indeed, Plaintiffs' main

claims center around the fact that procedures were allegedly not followed in the expropriation proceedings, and therefore, they suffered damages. This Court would be deciding on this very issue once again, but against Jack Allison, the Puerto Rico Department of Transportation and Public Works, the Commonwealth of Puerto Rico and William Vázquez Irizarry. The Court therefore cannot see how the interests of these new Defendants differs from the PRHA's interest in the original claim, which the Commonwealth Court already decided in the PRHA's favor.

■ Regarding the remaining Plaintiffs, who are three of Plaintiff Núñez' relatives, there is not a single allegation on their behalf in the Complaint. Again, a cursory review of the Complaint suffices to attest that all the allegations contained in the Complaint refer at all times to Plaintiff Antonio V. Núñez Núñez. Plaintiffs Julia Núñez–Díaz and Eladia Núñez–Núñez are only mentioned in the prayer for relief for moral damages, but there are no allegations against any of the Defendants from either of these Plaintiffs. As to co-Plaintiff Víctor Núñez, although included in the case caption, nowhere in the Complaint is he mentioned, he has raised no allegations against any Defendant, and there is no prayer for relief or request for damages on his behalf. Therefore, the Court agrees with Defendants, and concludes that the Plaintiff in both cases is Antonio Núñez Núñez. Consequently, the Court finds that this final requirement of *res judicata* is also met.

E. *Full and Fair Opportunity to Litigate*

Finally, the Court brings to the attention of the parties one last issue: the notion that due process imposes an added requirement in order for *res judicata* to apply—that the precluded party must have had a full and fair opportunity to litigate their case in the earlier proceeding. *Allen*, 449 U.S. at 95, 101 S.Ct. 411; *Cruz v. Melecio*, 204 F.3d at 19; *Massachusetts Sch. of Law at Andover v. American Bar Ass'n*, 142 F.3d 26, 39 (1st Cir.1998); *Medina v. Chase Manhattan Bank*, 737 F.2d 140, 145 (1st Cir.1984).

■ In the Commonwealth case, the Court can see that Plaintiffs not only had an opportunity to litigate this case; they had an opportunity to litigate all the issues raised herein against all Defendants in the current case. That is to say, all of the Plaintiffs herein had an opportunity to litigate all the present causes of action against all of the Defendants herein in the Commonwealth case.

## V. CONCLUSION

Therefore, the Court hereby **HOLDS** that *res judicata* applies to this case, and consequently, all of Plaintiffs' claims against all Defendants are precluded. As a result thereof, the Court hereby **DISMISSES** all claims brought by Plaintiffs against all Defendants, **WITH PREJUDICE.**

**IT IS SO ORDERED.**