## VIRGINIA:

PUBLISHED

*In the Court of Appeals of Virginia on* **Tuesday** *the* **1st** *day of* **December, 2020**.

Norman T. Johnson,                                                                                    Petitioner,

 against             Record No. 0930-20-2

Commonwealth of Virginia,                                                                    Respondent.

Upon a Petition for a Writ of Actual Innocence

Before Judges O'Brien, Malveaux, and Senior Judge Frank

Norman T. Johnson petitions this Court for a Writ of Actual Innocence pursuant to Chapter 19.3 of Title 19.2 of the Code of Virginia. He contends that he is innocent of robbery, for which he was convicted in the Circuit Court of Dinwiddie County. By final order entered on May 5, 2011, the circuit court sentenced Johnson to forty years' imprisonment with twenty years suspended.

Johnson asserts that he is entitled to relief based on a discrepancy between the Virginia Crime Code (VCC) on his arrest warrant and the VCC on the indictment the grand jury returned. He asserts that the indictment is invalid and that he was never arraigned on the indictment. In addition, Johnson relies on a clerical error in the conviction order, which states the crime of conviction is "Robbery: residence" although the indictment includes the VCC for a bank robbery. Johnson asserts that he is innocent of robbery of a residence. Johnson alleges the information became known or available to him "after July 27, 2010." Having examined the petition and the record, we conclude that Johnson is not entitled to relief.

### BACKGROUND

On May 18, 2010, the grand jury for Dinwiddie County returned an indictment against Johnson for robbery. The indictment includes a caption styled "Commonwealth of Virginia v. Norman T. Johnson," along with the case number and Johnson's race, gender, date of birth, and Social Security Number. The body of the document provides as follows:

The Grand Jurors of the Commonwealth of Virginia, in and for the County of Dinwiddie, sitting on May 18, 2010, upon their oaths, present that, in the County of Dinwiddie, Virginia the above named defendant committed the following offense against the peace and dignity of the Commonwealth:

On or about July 14, 2009, Norman T. Johnson did unlawfully and feloniously rob Chestney Simmons by assault or otherwise putting a person in fear of serious bodily harm, in violation of § 18.2-58 of the Code of Virginia (1950) as amended.

VCC: ROB-1211-F9
Robbery
A Class U Felony

Grand Jury Witness(s):
Captain William B. Knott, III
Dinwiddie County Sheriff's Office

The indictment is marked "A True Bill" and bears the signatures of the grand jury foreman and the clerk.

The parties appeared before the trial court on July 27, 2010, and the presiding judge read the indictment to Johnson, who entered a guilty plea. Before accepting Johnson's guilty plea, the trial court conducted a careful colloquy with him to ensure his plea was knowing and voluntary. Among other things, Johnson assured the trial court that he had decided for himself to enter a guilty plea because he was, in fact, guilty of the offense. Johnson also confirmed that no threats or promises had induced his guilty plea and there was no plea agreement with the Commonwealth. The trial court found that Johnson entered his plea knowingly, voluntarily, and with full knowledge of the nature of the charge and the consequences of his guilty plea.

The Commonwealth proffered that had the case proceeded to trial, its evidence would show that on July 14, 2009, Johnson entered a branch of Bank of Southside Virginia in Dinwiddie County and approached the counter where Simmons was working as a teller. Johnson placed a note on the counter that said, "$100 bills, two stacks. Don't move. Gun on hand, two money stacks, one hundred dollar bills, don't move, gun, bomb." Simmons noted that Johnson had his hands under his shirt, so she believed he had a gun. Simmons began to gather money and had some together when another bank employee began to approach. Johnson directed Simmons to just give him what she had. Johnson then exited the bank and ran toward a vehicle.

Another bank employee happened to arrive late that day and saw Johnson run from the bank and enter a vehicle. The employee found the behavior suspicious and noted the license plate number of the vehicle Johnson had entered. The bank employee provided the license plate information and a description of the car in which Johnson left, a black PT Cruiser.

Deputies stopped the car later that day; Johnson was a passenger and his co-defendant was driving. When officers brought Simmons to the area where the PT Cruiser had been detained, she identified Johnson as the bank robber but noted that he had changed his clothes. Simmons described the clothes Johnson wore when he entered the bank; her description was consistent with the bank's surveillance footage. Some of the clothes Johnson had worn during the bank robbery were located at his residence. Officers also found a t-shirt and $560 taken from the bank in the PT Cruiser. DNA from the t-shirt recovered from the PT Cruiser matched Johnson.

Johnson's counsel confirmed with the trial court that the Commonwealth's proffer was a "full and fair" summary of the evidence. Counsel stated that he had reviewed the surveillance photos and they were "very, very good." The trial court convicted Johnson and continued the matter for sentencing.[1]

Before the scheduled sentencing hearing, Johnson filed several *pro se* motions alleging various defects in the proceedings and claiming that his trial counsel had been ineffective. On September 8, 2010, Johnson filed a pleading styled "Discovery," in which he noted a discrepancy between the VCC stated on his warrant and the VCC recited in the indictment. On September 14, 2010, Johnson filed a motion to strike or set aside his conviction, a motion to strike the indictment, and a motion to withdraw his guilty plea. In each motion, Johnson noted the discrepancy in the VCC stated on the warrant and the VCC stated on the indictment and

---

[1] The trial court entered a conviction order on August 24, 2010.

asserted that the indictment was invalid and his guilty plea was unknowing because he had been misled by the incorrect VCC.[2]

When the parties appeared before the trial court on October 20, 2010, for the scheduled sentencing hearing, Johnson asked that counsel be relieved. Johnson advised the trial court that he had discovered "a major fatal error" in the case and that he had pleaded guilty to a crime he did not commit. Specifically, Johnson argued that the warrant had noted the VCC for robbery of a residence but the indictment stated the VCC for robbery of a bank. Johnson asserted that the change of the VCC number "changed the character" of the offense. He noted that counsel and the Commonwealth's Attorney should have noticed the discrepancy, and he asked to represent himself. The trial court excused counsel and continued the matter.

Johnson appeared before the trial court again on December 9, 2010. He explained to the trial court that he had been "arrested for one thing and indicted for another." He claimed that he had pleaded guilty to "a charge that don't have anything to do with my arrest" because the charging documents reflected two different offenses. Johnson requested new counsel. The trial court agreed to appoint new counsel and continued the case.

The parties appeared before the trial court again on March 16, 2011. Johnson's new counsel moved to withdraw. Johnson reiterated that he was "being charged with a crime I didn't commit." Counsel advised the trial court of Johnson's position concerning the VCC and stated that he had "explained that the variance doesn't change the nature and character of the offense" and there was a statute that made a variance in the VCC "irrelevant" but that Johnson disagreed with counsel's assessment. Counsel represented to the trial court that he was ethically unable to file the motion Johnson wanted. The Commonwealth noted that the VCC on the indictment correctly reflected robbery of a bank; the Commonwealth had reviewed the indictment "to see if we could amend something to address" Johnson's concern, but "the indictment is absolutely correct."

---

[2] The record reflects that between September 8, 2010 and the sentencing hearing on March 16, 2011, Johnson filed more than two dozen pleadings and letters with the trial court arguing about the discrepancy in the VCC numbers and seeking to withdraw his guilty plea and to have the indictment dismissed.

The trial court invited Johnson to state his position concerning the indictment. Johnson told the trial court, "I was never served an indictment on that indictment. I was never arrested or arraigned on that indictment. It was never served to me. I have the paperwork from the Piedmont Regional Jail indicating that I was never served an indictment or arrested for that indictment." When asked by the trial court, Johnson stated that he was unaware of the discrepancy in the VCC before he entered his guilty plea. He explained:

> I was never charged or arrested for that indictment. That indictment is not a true bill. I was never arraigned or fingerprinted on that indictment. It is insufficient to my warrant of arrest because a bank and a residen[ce] is two different offenses according to the Virginia Crime Code of robbery. I was never arrested for it. I have the documents right here.

The Commonwealth responded that the indictment stated the correct VCC and that only one indictment had been secured against Johnson. It noted that Johnson was arraigned on the indictment on July 27, 2010, and pleaded guilty to the charge in the indictment. The Commonwealth stated that the facts of the case were that Johnson robbed a bank; he approached the teller and robbed a bank. The Commonwealth noted that there was a scrivener's error on the conviction order because it stated "robbery: residence" but the conviction order reflected the correct VCC.

Johnson continued to insist that he had

> pleaded guilty according to this paperwork on robbery of a residen[ce] not robbery of a bank. I pleaded guilty to an offense that I didn't commit whether the offense code is incorrect or not. My plea was based on robbery of a residen[ce] according to this documentation that came from this Dinwiddie Circuit Court.

The trial court found "I think the record shows you were indicted for bank robbery. You pled guilty to bank robbery. You were found guilty of bank robbery. That is what you are going to be sentenced for." After hearing evidence and argument, the trial court found that Johnson's criminal record was "atrocious" and sentenced him to forty years' imprisonment with twenty years suspended by final order entered on May 5, 2011.

Johnson appealed to this Court, arguing that the trial court erred in not permitting him to withdraw his guilty plea based on the discrepancy in the VCC numbers noted on the warrant and the indictment. This

Court denied Johnson's appeal by order of November 17, 2011. See Johnson v. Commonwealth, No. 0668-11-2 (Nov. 17, 2011).[3] In rejecting Johnson's petition, the Court noted that the "Virginia Crime Codes are used for administrative purposes only, as stated on the warrant," and that the failure to include the VCC or any mistake in the VCC does not render an indictment invalid as a matter of law. Id. at 2; see also Code § 19.2-226(10). The Court found that Johnson "was arraigned on the indictment on July 27, 2010," and pleaded guilty. Johnson, No. 0668-11-2, at 2. The Commonwealth's summary of evidence, we found, "clearly" indicated "the robbery occurred in a bank, with the threat of use of a firearm." Id. Considering that both the warrant and indictment referenced Code § 18.2-58 and the Commonwealth's proffer of facts, we concluded that Johnson did not enter his plea under mistake of any material fact or misconception of the nature of the charge. Id.

Johnson filed a previous petition for a writ of actual innocence in this Court, again alleging that he is innocent and that the indictment is invalid because of the discrepancy in the VCC on the warrant and the indictment. See Johnson v. Commonwealth, No. 0918-19-2. This Court summarily dismissed the petition for lack of jurisdiction to consider it under the then-controlling codification of Code § 19.2-327.10 because Johnson had pleaded guilty to the robbery. Johnson v. Commonwealth, No. 0918-19-2 (Nov. 18, 2019).

PETITION FOR WRIT OF ACTUAL INNOCENCE

Johnson filed another petition for a writ of actual innocence on August 13, 2020. In it, he again seeks relief from his conviction based on the discrepancy in the VCC noted on the warrant and the VCC stated on the indictment. He alleges that the information upon which he relies became known or available to him "after July 27, 2010" and that it is material because "the indictment is invalid." Johnson alleges that there is no court record for bank robbery, no arraignment for bank robbery, and no plea for bank robbery.

---

[3] The Court also granted Johnson's counsel leave to withdraw, consistent with Anders v. California, 368 U.S. 738, 744 (1967). Johnson, No. 0668-11-2, at 3.

-6-

## ANALYSIS

Before this Court may consider the merits of a case, it must determine whether it has jurisdiction. Minor v. Commonwealth, 66 Va. App. 728, 738 (2016). The Court's power to adjudicate a class of cases or controversies is acquired only through a grant of such authority in the Constitution or a statute. Cilwa v. Commonwealth, 298 Va. 259, 266 (2019). This Court has subject matter jurisdiction over claims of actual innocence only "in such cases and in such manner as may be provided by the General Assembly." Waller v. Commonwealth, 70 Va. App. 772, 775 (2019) (quoting In re Brown, 295 Va. 202, 209 (2018)). This case implicates two recent statutory amendments, both of which involve the Court's jurisdiction over petitions for a writ of actual innocence. We address each in turn.

Effective July 1, 2020, Code § 19.2-327.10 was amended to remove the requirement that a petitioner seeking a writ of actual innocence must have entered "a plea of not guilty." See 2020 Va. Acts chs. 993, 994. A petitioner may now seek a writ of actual innocence challenging a felony conviction, irrespective of his or her plea in the circuit court. Id. Thus, although Johnson pleaded guilty in the circuit court, we now have jurisdiction to consider his petition. Code § 19.2-327.10.

In addition, the statutory amendments removed the limitation that a petitioner may only file one petition seeking a writ of actual innocence challenging a felony conviction. See 2020 Va. Acts chs. 993, 994. Accordingly, Johnson's prior petition, which we summarily dismissed, does not bar him from filing the instant petition and we have jurisdiction to consider the instant petition on the merits. Code § 19.2-327.10. Having determined that we have jurisdiction to consider the petition, we turn now to the merits of Johnson's claim.

"Code § 19.2-327.10 confers original jurisdiction upon this Court to consider a petition for a writ of actual innocence based on non-biological evidence." Phillips v. Commonwealth, 69 Va. App. 555, 562 (2018) (quoting Bush v. Commonwealth, 68 Va. App. 797, 803 (2018)). To be entitled to a non-biological writ of actual innocence, the petitioner must present evidence that was previously unknown or unavailable to him, and the evidence "is such as could not, by the exercise of diligence, have been discovered or obtained

before the expiration of 21 days following entry of the *final order of conviction*" in the circuit court. Code § 19.2-327.11(A)(iv) and (vi); Bush, 68 Va. App. at 804; In re Neal, 44 Va. App. 89, 90 (2004) (emphasis added in all). In a criminal case, the final order is the sentencing order.[4] Burrell v. Commonwealth, 283 Va. 474, 478 (2012); see also Minor, 66 Va. App. at 739.

"[T]he writ of actual innocence is statutorily limited to the late discovery of previously unknown or unavailable evidence that could not have been gained through diligent efforts at the time of trial *and* that would cause no rational trier of fact to find the petitioner guilty had it been available." In re Adams, 44 Va. App. 266, 268 (2004) (emphasis added). Here, the record and petition itself affirmatively demonstrate that Johnson had the information upon which he relies "*before* the expiration of 21 days following entry of the final order of conviction." Code § 19.2-327.11(A)(vi) (emphasis added).

The trial court entered the final order of conviction on May 5, 2011; thus, that is the date that controls the claim Johnson presents here. As noted above, after Johnson entered his guilty plea but before his sentencing, he filed numerous *pro se* motions noting that the VCC noted on his arrest warrant was different from the VCC Code recited in the indictment. Johnson expressly argued the point he raises in the instant petition to the trial court at hearings on October 20, 2010, December 9, 2010, and March 16, 2011. Thus, Johnson is not eligible for the writ of actual innocence because the evidence upon which he relies was available to him before his conviction became final in the circuit court. Code § 19.2-327.11(a)(iv); In re Walker, 44 Va. App. 12, 13 (2004) (denying writ of actual innocence where counsel received psychological reports before conviction became final).

Accordingly, Johnson is not entitled to the writ and his petition is summarily dismissed.

---

[4] As the Supreme Court has explained, "the [trial] court retains authority to reconsider its judgment of conviction—as it may reconsider any ruling—until twenty-one days have elapsed from the entry of the final judgment." Lewis v. Commonwealth, 295 Va. 454, 467 n.3 (2018). Final judgment is the sentencing order. Id.

This order shall be published.

A Copy,

Teste:

*original order signed by the Clerk of the Court of Appeals of Virginia at the direction of the Court*

Clerk